UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-cv-21065-ALTONAGA/Damian

JONATHAN CONDE, individually,
and on behalf of all others similarly situated,

    Plaintiff

    v.

CDJ OF 152ND ST MIAMI LLC,

    Defendant.
_____/

**PLAINTIFF'S PRELIMINARY STATEMENT OF CLAIM**

    Plaintiff, JONATHAN CONDE ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 8, and D.E. 4, hereby files his Preliminary Statement of Claim, on behalf of himself, and all other similarly situated Restaurant Servers ("Servers") as follows:

    **A. Initial Estimate of the Total Amount of Alleged Unpaid Wages**

**Federal Minimum Wage Violations**

| | |
|---|---|
| Federal Minimum Wages (Tip Notice): | $307.80 (unliquidated) |
| | $307.80 (liquidated) |
| Federal Minimum Wages (80/20): | $113.88 (unliquidated) |
| | $113.88 (liquidated) |
| Substantial Side Work: | $82.08 (unliquidated) |
| | $82.08 (liquidated) |
| Unlawful Tip Share: | $307.80 (unliquidated) |
| | $307.80 (liquidated) |
| Total: | $1,623.12, plus fees and costs. |

**Florida Minimum Wage Violations**

| | |
|---|---|
| Florida Minimum Wages (Tip Notice Class): | $66,591.00 (unliquidated) |
| | $66,591.00 (liquidated) |

| | |
|---|---|
| Florida Minimum Wages (80/20 Class): | $24,638.67 (unliquidated) |
| | $24,638.67 (liquidated) |
| Florida Minimum Wages (Substantial Side Work Class): | $17,395.20 (unliquidated) |
| | $17,395.20 (liquidated) |
| Florida Minimum Wages (Unlawful Tip Share Class): | $66,591.00 (unliquidated) |
| | $66,591.00 (liquidated) |
| Florida Minimum Wages (Unlawful Kick-Back Class) | $65,232.00 (unliquidated) |
| | $65,232.00 (liquidated) |
| Total: | $480,895.74, plus fees and costs.[1] |

### B. Preliminary Calculation of Wages
### Federal Minimum Wage Calculation

#### i. Tip Notice

Plaintiff seeks unpaid federal minimum wages for Defendant's failure to provide adequate notice of its intent to rely on a federal tip credit under the FLSA during his employment. Plaintiff seeks the recovery of $7.25 per hour for each hour of work performed (less the $6.98 Plaintiff was paid each hour). Plaintiff performed approximately 30 hours of work each week. Therefore, Plaintiff seeks $0.27 per hour for each of the hours he worked – 30 hours per week x $0.27 per hour x 38 weeks = $307.80. Due to Defendants' willful and/or intentional violations of federal wage law, Plaintiff seeks an additional amount of liquidated damages in the amount of $307.80 for a total of $615.60 in federal minimum wages, plus reasonable attorney's fees and costs.

---

[1] This amount constitutes a good faith estimate of damages owed to Plaintiff and members of the putative class of restaurant servers, as of the date of this filing based upon his own information and belief. However, Plaintiff intends to amend his complaint and reserves the right to further amend this amount throughout the course of discovery as additional information is revealed and becomes known. The full extent of Plaintiff's damages may only be ascertained through documents and information in Defendant's possession.  Moreover, Plaintiff has brought this action as a class action on behalf of himself and all others similarly situated. Accordingly, this Preliminary Statement of Claim is only intended to be a good faith estimate without prejudice to the putative class Plaintiff seeks to represent. Plaintiff reserves the right to submit a supplemental Statement of Claim for the damages incurred by all others similarly situated at the appropriate stage of the proceeding.

### ii. 80/20 Violations

Plaintiff also seeks unpaid federal minimum wages for 80/20 violations which occurred when he spent more than 20% of his work shift performing non-tipped duties. Plaintiff seeks the recovery of $7.25 per hour less any reduced wage payment made to him for 37% of the approximately 30 hours per week of work. On information and belief Plaintiff was paid $6.98 for certain hours worked. Therefore, Plaintiff seeks $0.27 per hour for 37% of the total hours he worked – 30 hours per week x $0.27 per hour x 38 weeks x 0.37 = $113.88. Due to Defendant's willful and/or intentional violations of federal wage law, Plaintiff seeks an additional amount of liquidated damages in the amount of $113.88, for a total of $227.76 in federal minimum wages, plus reasonable attorneys' fees and costs.

### iii. Substantial Side Work

Plaintiff also seeks unpaid federal minimum wages for Substantial Side Work violations which occurred when he spent more than 30 continuous minutes during a shift performing non-tipped duties. Plaintiff seeks the recovery of $7.25 per hour less any reduced wage payment made to him for approximately 8 hours per week of work. On information and belief Plaintiff was paid $6.98 for certain hours worked. Therefore, Plaintiff seeks $0.27 per hour for 8 of the hours he worked each week – 8 hours per week x $0.27 per hour x 38 weeks = $82.08. Due to Defendant's willful and/or intentional violations of federal wage law, Plaintiff seeks an additional amount of liquidated damages in the amount of $82.08, for a total of $164.16 in federal minimum wages, plus reasonable attorneys' fees and costs.

### iv. Unlawful Tip Share

Plaintiff seeks unpaid federal minimum wages for Defendant's requirement that Plaintiff share tips with ineligible recipients during his employment. This violates the FLSA and requires Defendant to forfeit the federal tip credit. Plaintiff seeks the recovery of $7.25 per hour for each hour of work performed (less the $6.98 Plaintiff was paid each hour). Plaintiff performed approximately 30 hours of work each week. Therefore, Plaintiff seeks $0.27 per hour for each of the hours he worked – 30 hours per week x $0.27 per hour x 38 weeks = $307.80. Due to Defendants' willful and/or intentional violations of federal wage law, Plaintiff seeks an additional amount of liquidated damages in the amount of $307.80 for a total of $615.60 in federal minimum wages, plus reasonable attorney's fees and costs. Plaintiff also seeks to recover any tips he was required to share with ineligible recipients as permitted under the FLSA.

### Florida Minimum Wage Calculation

i.  **Tip Notice Class**

During the relevant employment period, Defendant attempted to take a tip credit in the amount of $3.02 per hour and only compensated Mr. Conde, and similarly situated Restaurant Servers, a reduced wage below the applicable rate in 2022 and 2023. Plaintiff seeks unpaid Florida Minimum Wages on behalf of the putative class for violations committed within the past five (5) years. Because plaintiff alleges himself and a class of more than 40 individuals, with at least 15 being employed at any given time, to have worked an average of 30 hours of clocked work each week of their employment, the total number of hours sought on behalf of the Tip Notice Class is 450 hours per week. Accordingly, the wages sought on behalf of the Tip Notice Class during the relevant time period are as follows:

**2022**
$3.02 per hour x 450 hours per week x 44 weeks per year = $59,796.00

**2023**
$3.02 per hour x 450 hours per week x 5 weeks per year = $6,795.00

Florida Minimum Wages Sought on Behalf of *Entire Tip Notice Class*: $66,591.00

Because these violations were intentional and/or willful Plaintiff and the putative class seek an additional $66,591.00 in liquidated damages.

ii.  **80/20 Class**

During the relevant employment period, Defendant attempted to take a tip credit in the amount of $3.02 per hour and only compensated Mr. Conde, and similarly situated Restaurant Servers, a reduced wage below the applicable rate in 2022 and 2023 - even though Mr. Conde and similarly situated Servers spent **more than 20%** of shifts in one or more workweeks performing merely "incidental" non-tipped duties and tasks tangentially associated with his primary duty of waiting tables and serving customers.

Plaintiff seeks unpaid Florida Minimum Wages on behalf of the putative class for violations committed within the past five (5) years. Because plaintiff alleges himself and a class of more than 40 individuals, with at least 15 similarly situated Servers employed at any given time, to have worked spent 37% of their 30 hours of clocked work each week of their employment performing non-tipped duties, the total number of hours sought on behalf of the putative class is

37% of 450 hours per week. Accordingly, the wages sought on behalf of the 80/20 Class during the relevant time period are as follows:

> **2022**
> $3.02 x 450 hours per week x 44 weeks per year = $59,796.00
>
> **2023**
> $3.02 per hour x 450 hours per week x 5 weeks per year = $6,795.00

Florida Minimum Wages Sought on Behalf of *Entire 80/20 Class*: $66,591.00 x 0.37 = $24,638.67

Because these violations were intentional and/or willful Plaintiff and the putative class seek an additional $24,638.67 in liquidated damages.

### iii.   Substantial Side Work Class

During the relevant employment period, Defendant attempted to take a tip credit in the amount of $3.02 per hour and only compensated Mr. Conde, and similarly situated Restaurant Servers, a reduced wage below the applicable rate in 2022 and 2023 - even though Mr. Conde and similarly situated Servers spent **more than 30 continuous minutes** during shifts in one or more workweeks performing merely "incidental" non-tipped duties and tasks tangentially associated with his primary duty of waiting tables and serving customers.

Plaintiff seeks unpaid Florida Minimum Wages on behalf of the putative class for violations committed within the past five (5) years. Because plaintiff alleges himself and a class of more than 40 individuals, with at least 15 similarly situated Servers employed at any given time, to have 8 hours each per week performing work comprised of more than 30 minutes of continuous side work, the total number of hours sought on behalf of the putative class is 120 hours per week. Accordingly, the wages sought on behalf of the Substantial Side Work Class during the relevant time period are as follows:

> **March 1, 2022, through February 1, 2023**
> $3.02 x 120 hours per week x 48 weeks per year = $17,395.20

Florida Minimum Wages Sought on Behalf of *Entire Substantial Side Work Class*: $17,395.20

Because these violations were intentional and/or willful Plaintiff and the putative class seek an additional $17,395.20 in liquidated damages.

### iv.   Unlawful Tip Share Class

During the relevant employment period, Defendant attempted to take a tip credit in the amount of $3.02 per hour and only compensated Mr. Conde, and similarly situated Restaurant

5

Servers, a reduced wage below the applicable rate in 2022 and 2023. Defendant required Plaintiff and similarly situated Servers to share portions of their tips with ineligible recipients. Accordingly, Defendant must forfeit the entire tip credit. Plaintiff seeks unpaid Florida Minimum Wages on behalf of the putative class for violations committed within the past five (5) years. Because Plaintiff alleges himself and a class of more than 40 individuals, with at least 15 being employed at any given time, to have worked an average of 30 hours of clocked work each week of their employment, the total number of hours sought on behalf of the Unlawful Tip Share Class is 450 hours per week. Accordingly, the wages sought on behalf of the Unlawful Tip Share Class during the relevant time period are as follows:

**2022**
$3.02 per hour x 450 hours per week x 44 weeks per year = $59,796.00

**2023**
$3.02 per hour x 450 hours per week x 5 weeks per year = $6,795.00

Florida Minimum Wages Sought on Behalf of *Entire Unlawful Tip Share Class*: $66,591.00

Because these violations were intentional and/or willful Plaintiff and the putative class seek an additional $66,591.00 in liquidated damages.

v.      **Unlawful Kick-Back Class**

During the relevant employment period, Defendant attempted to take a tip credit in the amount of $3.02 per hour and only compensated Mr. Conde, and similarly situated Restaurant Servers, a reduced wage below the applicable rate in 2022 and 2023. Defendant required Plaintiff and similarly situated Servers to surrender portions of their wages and tips to Defendant to cover the expenses of meals for "dine and dash" customers, breakage, and/or cash register shortages. Accordingly, Defendant must forfeit the entire tip credit. Plaintiff seeks unpaid Florida Minimum Wages on behalf of the putative class for violations committed within the past five (5) years. Because Plaintiff alleges himself and a class of more than 40 individuals, with at least 15 being employed at any given time, to have worked an average of 30 hours of clocked work each week of their employment, the total number of hours sought on behalf of the Unlawful Tip Share Class is 450 hours per week. Accordingly, the wages sought on behalf of the Unlawful Tip Share Class during the relevant time period are as follows:

**2022**
$3.02 per hour x 450 hours per week x 44 weeks per year = $59,796.00

**2023**
$3.02 per hour x 450 hours per week x 5 weeks per year = $6,795.00

Florida Minimum Wages Sought on Behalf of *Entire Unlawful Kick-Back Class*: $66,591.00

Because these violations were intentional and/or willful Plaintiff and the putative class seek an additional $66,591.00 in liquidated damages.

### C. Nature of the Wages

Plaintiff alleges federal minimum wage violations at $7.25 per hour. Plaintiff alleges entitlement to recovery of the tip credit under Florida law at the rate of $3.02 per hour. Plaintiff alleges entitlement to the applicable Florida Minimum Wage rates in the following years:

January 1, 2022, through September 29, 2022:                $10.00 per hour

September 30, 2022, through the present:                     $11.00 per hour

**Dated this 30th day of March 2023.**

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**<br>1800 SE 10th Ave, Suite 205<br>Fort Lauderdale, Florida 33316<br>Ph: (954) 871-0050<br>*Co-Counsel for Plaintiff*<br><br>By: */s/ Jordan Richards*<br>JORDAN RICHARDS, ESQUIRE<br>Florida Bar No. 108372<br>JAKE S. BLUMSTEIN, ESQUIRE<br>Florida Bar No. 1017746<br>Jordan@jordanrichardspllc.com<br>Jake@jordanrichardspllc.com | **OBEIDY & ASSOCIATES, P.A.**<br>2755 E. Oakland Park Blvd. Suite 225<br>Fort Lauderdale, Florida 33306<br>Ph: (305) 892-5454<br>Fax: (954) 206-6955<br>*Co-Counsel for Plaintiff*<br><br>By: */s/ Andrew Obeidy*<br>ANDREW OBEIDY, ESQUIRE<br>Florida Bar No. 910341<br>andrew@obdlegal.com |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF March 30, 2023, and e-mailed to counsel listed below.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

### SERVICE LIST: