**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 1:23-cv-21065-CMA**

JONATHAN CONDE, individually,
and on behalf of all others
similarly situated,

       Plaintiffs,

vs.

CDJ OF 152ND ST MIAMI LLC
d/b/a CRAB DU JOUR,

       Defendant.

_____/

**AMENDED CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, JONATHAN CONDE ("Plaintiff"), on behalf of himself and all others similarly

situated, and pursuant to Fed. R. Civ. P. 15, D.E. 4, 29 U.S.C. § 216(b), Fla. Stat. § 448.110, Fed.

R. Civ. P. 23, and Art. X, Sec. 24 of the Florida Constitution, files this Amended Class/Collective

Action Complaint for Damages and Demand for Jury Trial against Defendant, CDJ OF 152ND ST

MIAMI LLC D/B/A CRAB DU JOUR ("Defendant"), for its failure to pay servers proper federal

and Florida minimum wages, as follows:

**INTRODUCTION**

1.      Workers are entitled to a minimum wage that provides a fulfilling life, protects

employees from unfair wage competition, and does not force them to rely upon taxpayer-funded

public services to avoid economic hardship. See Fla. Const. Art X §24(a).  Since 2004, the Florida

legislature has mandated that all covered employers shall pay employees wages no less than the

minimum wage for all hours worked throughout the State of Florida.  *See* Fla. Const. Art. X §24(c).

Although restaurant employers are permitted to take a tip credit toward the applicable Florida minimum wage for customarily tipped employees, e.g. servers, the employer is nevertheless required to comply with strict requirements concerning the payment of a reduced wage. This class action lawsuit seeks to cure Defendant's minimum wage violations on behalf of all servers who worked for Defendant at Crab Du Jour in Miami, Florida, within the past five (5) years. Defendant committed federal and state minimum wage violations because it (1) failed to provide servers with federal and state mandated notice of tip credit requirements; (2) claimed a tip credit for all hours that its servers worked, including workweeks wherein the total amount of time that servers spent performing non-tipped duties and side work was at or in excess of 20% of all of the total work performed; (3) claimed a tip credit during shifts when servers were required to spend more than 30 continuous minutes on side work and other non-tipped duties; (4) failed to adequately compensate servers by forcing them to cover costs primarily for the benefit or convenience of Defendant; and (5) required servers to share their tips with the restaurant, and supervisors and/or managers at the restaurant. As a result, Plaintiff and all similarly situated servers have been denied federal and Florida minimum wages during various workweeks within the relevant time period. Plaintiff seeks to stop Defendant from engaging in this unlawful conduct and to vindicate his rights along with the rights of all similarly situated servers who were employed by Defendant within the past 5 years.

## PARTIES

2.       During all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

3.      Plaintiff and the **FLSA Putative Collective Members** are/were restaurant servers who worked for Defendant within the last three (3) years at its restaurant located at 3201 N. Miami Ave., Unit 106, Miami, FL 33127.

4.      Plaintiff and the **FMWA Putative Class Members** are/were restaurant servers who worked for Defendant within the last five (5) years at its restaurant located at 3201 N. Miami Ave., Unit 106, Miami, FL 33127.

5.      In April 2022, Defendant hired Plaintiff, Jonathan Conde, to work as a server.

6.      On or about January 19, 2023, Defendant unlawfully terminated Plaintiff in retaliation for objecting to Defendant's unlawful retention of a portion of the tips earned by Plaintiff and other servers.

7.      The proposed Collective and Class Members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, tipped servers for Defendant at the same restaurant located at 3201 N. Miami Ave., Unit 106, Miami, FL 33127, within the past five (5) years preceding this lawsuit.

8.      Plaintiff seeks certification of four (4) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Notice Collective: All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that they would be taking a tip credit toward the required federal minimum wage.**

> **80/20 Collective: All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the three (3) years preceding this lawsuit, who were required to spend more than 20% of their shifts performing "non-tipped" incidental duties and did not receive the full applicable federal minimum wage.**

**Substantial Side Work Collective:** All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the three (3) years preceding this lawsuit, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

**Unlawful Tip Share Collective:** All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the three (3) years preceding this lawsuit, who were required to surrender their tips to the restaurant as well as ineligible employees, including but not limited to supervisors and/or managers.

9. Plaintiff seeks certification of five (5) separate classes under Fed. R. Civ. P. 23, the

FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

**Tip Notice Class:** All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.

**80/20 Class:** All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the five (5) years preceding this lawsuit, who were required to spend more than 20% of their shifts performing "non-tipped" incidental duties and did not receive the full applicable Florida Minimum Wage for this time pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.

**Substantial Side Work Class:** All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the five (5) years preceding this lawsuit who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

**Unlawful Tip Share Class:** All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the five (5) years preceding this lawsuit, who were required to share their tips with the restaurant and/or ineligible employees, including but not limited to supervisors and/or managers.

**Unlawful Kick-Back Class:** All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the five (5) years preceding this lawsuit, who were required to surrender their tips to the restaurant, supervisors and/or managers. to cover and reimburse Defendant for costs associated with walk-outs, breakages, and/or cash register shortages.

4

10.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members for each proposed class exceeds 40 servers.

11.     During all times material hereto, Defendant owned, operated, and controlled the restaurant located at 12075 S.W. 152nd St., Miami, FL 33177.

12.     Defendant was the "employer" of Plaintiff and all members of the Putative Classes and Collectives as that term is defined by the FLSA and FMWA, during all times pertinent to the allegations herein. 29 U.S.C. § 203(d); Fla. Stat. § 448.101(3).

13.     Plaintiff and all members of the putative Classes and Collectives were "employees" of Defendant as that term is defined by the FLSA and FMWA, during all times pertinent to the allegations herein. Fla. Stat. § 448.110(2).

14.     During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the restaurant located at 12075 S.W. 152nd St., Miami, FL 33177.

15.     Defendant implemented uniform pay, tip, and time-keeping practices that apply to all restaurant servers at its restaurant located at 12075 S.W. 152nd St., Miami, FL 33177.

16.     Plaintiff and putative collective and class members are/were non-exempt, hourly restaurant servers.

**JURISDICTION & VENUE**

17.     This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendant, injunctive relief, and reasonable attorney's fees and costs.

18.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

19.     The acts and/or omissions giving rise to this dispute took place within Miami-Dade County, Florida, which falls within the jurisdiction of this Honorable Court.

20.     Defendant regularly transact business in Miami-Dade County, Florida, and jurisdiction is therefore proper.

21.     Plaintiff fulfilled all conditions precedent required to brings this class action claim under the FMWA. Fla. Stat. § 448.110(6)(a).

22.     On February 3, 2023, Plaintiff, JONATHAN CONDE, through his counsel, served Defendant with a written pre-suit demand and notice regarding her FMWA claims, requesting that Defendant pay him and the putative FMWA classes the minimum wages owed to them. As of the date of this filing, over fifteen (15) days have passed since Defendant received Plaintiff's pre-suit demand notice, and Defendant has not paid any wages to Plaintiff or the FMWA classes.

## FLSA COVERAGE

23.     Defendant, CRAB DU JOUR, is an enterprise covered by the Fair Labor Standards Act ("FLSA"), Florida Constitution, and F.S. 448, by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce. Defendant, CRAB DU JOUR, had at least two (2) employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working goods or materials that have been moved in or produced for commerce by any person.

24.     Defendant, CRAB DU JOUR's employees handled goods such as napkins, silverware, appliances, liquor, beer, crab, shrimp, potatoes, calamari, bread, salmon, onions, peppers, oil, broccoli, cheese, peas, jalapenos, credit cards, debit cards, restaurant equipment, pens,

chairs, tables, vacuum cleaners, steaks, other seafood, napkins, silverware, televisions, remote controls, chicken, menus, and other materials that had previously travelled through commerce.

25.     At all material times (during the last five years), Defendant, CRAB DU JOUR, had an annual gross revenue in excess of $500,000.00 in, 2018, 2019, 2020, 2021, 2022, and is expected to gross in excess of $500,000.00 in 2023.

## GENERAL FACTUAL ALLEGATIONS

26.     Defendant is in the business of providing food and drink to the general public.

27.     Defendant employed Plaintiff and the Class and Collective Members as servers at Crab Du Jour within the past five (5) years.

28.     Plaintiff and Class and Collective Members were non-exempt, hourly-rate employees of Defendant.

29.     Plaintiff and Class and Collective Members' job duties consisted of serving patrons and customers in designated areas which required little to no special or advanced skill.

30.     The work performed by Plaintiff and Class and Collective Members was an integral part of the business for Defendant.

31.     Defendant controlled and/or remained responsible for the work of Plaintiff and the Class and Collective Members, and otherwise met the factors of the "economic realities test," for the Parties to fall within the definition of employer and employee under federal and Florida law.

32.     Defendant had the power to hire and fire Plaintiff and the Class and Collective Members.

33.     Defendant controlled Plaintiff and Class and Collective Members' work schedules.

34.     Defendant scheduled Plaintiff and other Class and Collective Members to certain shifts.

35.     Defendant required Plaintiff and other Class and Collective Members to work a certain number of days during the week.

36.     Defendant required Plaintiff and other Class and Collective Members to work on specific days of the week.

## DEFENDANT FAILED TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT

37.     Although employers are permitted to take a tip credit and/or retain a tip credit for each hour that an eligible, tip-producing employee works, employers are prohibited from taking a tip credit when they fail to provide either oral or written notice regarding the provisions of § 203(m)(2)(A) of the FLSA. See C.F.R. § 531.59; Art. 10 § 24(c), Fla. Const.

38.     During all times material hereto, Defendant claimed a tip credit under federal and Florida law for all hours worked by Plaintiff and all hours worked by all other servers.

39.     Defendant paid Plaintiff and all other similarly situated servers the reduced Florida minimum wage for tipped employees.

40.     Upon information and belief, when Defendant hires servers, it fails to provide to them the legally requisite notice that it is claiming a tip credit under Florida and federal law for all hours that these servers work. See id.

41.     During Plaintiff, Jonathan Conde's, employment period, Defendant **did not** provide to him any notice that it was claiming a tip credit for each hour that Conde worked, much less the statutorily required notice under federal and/or Florida law.

42.     Therefore, Plaintiff and all other similarly situated servers were not adequately informed of the tip credit claimed by Defendant throughout their employment.

43.     Thus, Defendant was not entitled to claim a tip credit under federal and Florida law.

## DEFENDANT REQUIRES PLAINTIFF AND OTHER SERVERS TO SPEND MORE THAN 20% OF THE WORKWEEK ON NON-TIPPED DUTIES AND SIDE WORK

44.     Federal law prohibits employers from taking a tip credit when an employee performs non-tip generating duties for more than 20% of their workweek. Rafferty v. Denny's Inc., 13 F4th 1166, 1188 (11th Cir. 2021). In other words, when restaurant servers spend 20% or more of any respective workweek on non-tip generating duties and side work, they must be paid the full minimum wage, as opposed to the reduced minimum wage for tipped employees. Id.

45.     Upon information and belief, Defendant failed to keep track of the time that Plaintiff and all other servers spent performing side-work and duties only incidentally related to their primary tip-producing work duties.

46.     Because Defendant failed to track the time that Plaintiff and all other servers spent performing side-work and non-tipped duties, Plaintiff and all other servers were compensated at a reduced minimum wage for all time spent performing non-tipped duties and side-work.

47.     Defendant, through its agents including its supervisors and/or managers, directed Plaintiff and all other servers to perform non-tipped duties and side-work at the opening of their shifts for one (1) hour at a minimum.

48.     Defendant through its agents including its supervisors and/or managers, directed Plaintiff and all other servers to perform non-tipped duties and side-work at the closing of their shifts for one (1) hour at a minimum.

49.     Specifically, Defendant, through its agents, including its supervisors and/or managers, directed Plaintiff to sweep, close-down their serving sections, set-up their serving sections, fill sauce caddies, roll silverware, clean the coffee station, restock to-go cups and to-go utensils, throw boxes out, refill salt and pepper containers, and set up tables.

50.     Further, Defendant, through its agents including its supervisors and/or managers, directed Plaintiff and all other servers to perform the aforementioned non-tipped duties and side-work when the restaurant was closed to the public.

51.     When the restaurant is closed to the public, Plaintiff and all other servers were unable to perform any tip-producing work.

52.     Plaintiff and all other similarly situated servers are entitled to receive the full Florida minimum wage for hours spent each shift performing "non-tipped" incidental duties, as opposed to the "reduced wage" they received when performing these incidental duties.

**<u>DEFEENDANT REQUIRES PLAINTIFF AND ALL OTHER SERVERS TO SPEND MORE THAN 30 CONTINUOUS MINUTES ON NON-TIPPED DUTIES AND SIDE WORK DURING EACH SHIFT</u>**

53.     Side work which takes more than 30 continuous minutes is not considered "part of the tipped occupation." *See* 29 C.F.R. § 531.56(f)(4)(ii).

54.     Accordingly, employers are forbidden from taking a tip credit when they compel tipped employees to spend more than 30 continuous minutes on non-tipped duties and side work. <u>See id</u>.

55.     During all times material hereto, Defendant directed and required Plaintiff and all other similarly situated servers to perform non-tipped duties and side-work at the opening of each of their shifts, including when the restaurant was not yet open to the public and did not have any customers present.

56.     During all times material hereto, Defendant directed and required Plaintiff and all similarly situated servers to perform non-tipped duties and side-work at the closing of each of their shifts, including when the restaurant was closed to the public and did not have any customers present.

57.     During all times material hereto, Defendant directed and required Plaintiff and all other similarly situated servers to perform non-tipped duties and side-work for one (1) hour at a minimum at both the opening and closing of their shifts.

58.     Defendant did not keep track of the time that Plaintiff and all other similarly situated servers spent performing non-tipped duties and side-work.

59.     Further, Defendant paid Plaintiff and all other similarly situated servers the reduced Florida minimum wage for all of the time spent performing non-tipped duties and side-work.

60.     Plaintiff and all other similarly situated servers are entitled to receive the full Florida minimum wage for hours spent each shift performing "non-tipped" incidental duties, as opposed to the "reduced wage" they received when performing these incidental duties.

## DEFENDANT DID NOT REIMBURSE SERVERS FOR EXPENSES INCURRED FROM ITS UNLAWFUL "KICKBACK" POLICY

61.     Under 29 U.S.C. § 203(m)(2)(B), an employer's retention of tips received by its employees is prohibited.

62.     Upon information and belief, Defendant implemented and enforced a restaurant-wide policy that required Plaintiff and all other similarly situated servers to use tips that they received directly from customers to provide unlawful "kickbacks" to Defendant by covering costs associated with walk-outs, breakages, and/or cash register shortages.

63.     Specifically, Defendant required and directed Plaintiff and all other similarly situated servers to use tips that they received at work to cover expenses incurred by Defendant from "dine and dash" or walk-out customers who left the Defendant's restaurant without paying.

64.     The total expenses incurred by Plaintiff and all other similarly situated servers for the benefit of Defendant as a result of having to pay out of their own pockets for costs associated

with walk-outs, breakages, and/or cash register shortages caused their weekly wages to fall below the minimum wage standard.

65.     Accordingly, Defendant failed to pay servers in accordance with Florida minimum wage laws for training periods during all times material hereto.

## **CLASS ALLEGATIONS**

66.     Class members are treated equally and similarly by Defendant, in that they were commonly mistreated by Defendant as they were not paid full and proper Florida minimum wages for all hours worked.

67.     On information and belief, Defendant employed in excess of 40 class members who were not paid Florida's minimum wage for certain hours worked within the past five (5) years.

68.     Defendant failed to pay Plaintiff and class members at least the reduced wage for each hour they worked and failed to pay Plaintiff and class members the full Florida minimum wage for other hours worked.

69.     Plaintiff and class members worked at the same restaurant location in Miami, Florida.

70.     Plaintiff and class members performed the same job duties as servers and were paid in an identical manner by Defendant based on Defendant treating the servers as tipped employees but not compensating them in accordance with Florida law.

71.     Plaintiff and class members were not paid proper Florida minimum wages for all hours worked.

72.     Plaintiff and class members were not paid the proper reduced wage for tipped employees for all hours worked.

73.     Defendant failed to keep accurate time and pay records for Plaintiff and all class members.

74.     Defendant were aware of the requirements of Fla. Const. Art. X, §24 yet acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

75.     Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay reasonable attorney's fees and costs if he prevails.

76.     The claims alleged under the Florida Constitution may be pursued by all similarly situated persons pursuant to Fed. R. Civ. P. 23.

77.     The number of individuals in the class is so numerous that joinder of all members is impracticable.  The exact number of members of each class can be determined by reviewing Defendant's records.  Plaintiff, on information and belief, is aware that there are numerous eligible individuals in the defined class and estimates the class size to be in excess of 40 servers.

78.     Plaintiff will fairly and adequately protect the interests of the class and has retained counsel which is experienced and competent in class action employment litigation.

79.     Plaintiff has no interests that are contrary to or in conflict with the members of the class.

80.     A class action lawsuit, such as this one, is superior to other available means for fair and efficient adjudication of the issues alleged herein.  The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

81.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely

will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the Florida Constitution.

82.    Even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

83.    There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.  The questions of law and fact common to the class predominate over any questions affecting solely the individual members.  Among the common questions of law and fact are:

a.    Whether Defendant employed servers within meaning of the law;

b.    Whether Defendant uniformly, willfully, and wrongfully failed to pay servers the Florida minimum wage for all hours worked;

c.    What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

d.    Whether Defendant' failure to compensate Plaintiff and the class members at the applicable Florida minimum wage was willful, intentional, or done with reckless disregard.

84.    The relief sought is common to the entire class including:

a.    Payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution;

b.    Payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution; and

c.     Payment by Defendant of the costs and expenses of this action, including attorney's fees to Plaintiff's counsel.

85.     Plaintiff's claims are typical of the claims of members of the class.

86.     Plaintiff and the Class Members have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of the Florida Constitution.

87.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a class action.

## STATEMENT OF CLAIM

88. Plaintiff alleges that the Tip Notice Class is entitled to damages as follows:

**2022**
$3.02 per hour x 450 hours per week x 44 weeks per year = $59,796.00

**2023**
$3.02 per hour x 450 hours per week x 5 weeks per year = $6,795.00

**Total**: $66,591.00 x 2 (liquidated damages) = $133,182.00

89. Plaintiff alleges that the 80/20 Class is entitled to damages as follows:

**2022**
$3.02 per hour x 450 hours per week x 44 weeks per year = $59,796.00

**2023**
$3.02 per hour x 450 hours per week x 5 weeks per year = $6,795.00

**Total**: $66,591.00 x 0.37 (percentage of time spent performing side work) = $24,638.67
        $24,638.67 x 2 (liquidated damages) = $49,277.34

90. Plaintiff alleges that the Substantial Side Work Class is entitled to damages as follows:

**March 1, 2022, through February 1, 2023:**
$3.02 per hour x 120 hours per week x 48 weeks = $17,395.20

**Total**: $17,395.20 x 2 (liquidated damages) = $34,790.40

91. Plaintiff alleges that the Unlawful Tip Share Class is entitled to damages as follows:

**2022**
$3.02 per hour x 450 hours per week x 44 weeks per year = $59,796.00

**2023**
$3.02 per hour x 450 hours per week x 5 weeks per year = $6,795.00

**Total:** $66,591.00 x 2 (liquidated damages) = $133,182.00

92. Plaintiff alleges that the Unlawful Kick-Back Class is entitled to damages as follows:

**2022**
$3.02 per hour x 450 hours per week x 44 weeks per year = $59,796.00

**2023**
$3.02 per hour x 450 hours per week x 5 weeks per year = $6,795.00

**Total**: $66,591.00 x 2 (liquidated damages) = $133,182.00

93.     As a result of Defendant's intentional and willful failure to comply with the FLSA and the FMWA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(TIP NOTICE CLASS)**

94.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 93 as though set forth fully herein.

95.     Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by taking a tip credit toward the applicable Florida minimum wage but failing to provide Plaintiff and putative Tip Notice Class Members the statutorily required tip notice.

96.     Defendant therefore forfeits any tip credit under Florida law and owe each server *at least* $3.02 for each hour of work they performed during the five (5) years preceding this lawsuit.

97.     More than 15 days have elapsed since Plaintiff, Jonathan Conde, served Defendant with his written pre-suit Notice and Defendant have failed to tender full payment to Conde and the putative Class.

98.     In 2017, the Florida Minimum Wage was $8.10 per hour.

99.     In 2018, the Florida Minimum Wage was $8.25 per hour.

100.    In 2019, the Florida Minimum Wage was $8.46 per hour.

101.    In 2020, the Florida Minimum Wage was $8.56 per hour.

102.    From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

103.    From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

104.    From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

105.    Plaintiff and the proposed Tip Notice Class Members were subjected to similar violations of the FMWA and Florida Constitution.

106.    Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida minimum wages in accordance with the Florida Constitution:

> **All servers who worked for Defendant at Crab Du Jour in Miami, Florida, during the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

### RULE 23 CLASS ALLEGATIONS

107.    Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

108.    The putative Tip Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based on Defendant's failure to provide Plaintiff and similarly situated servers proper notice of Defendant's intent to rely upon a tip credit under Florida law.

109.    *Numerosity:* Defendant employed **at least** fifty (50) servers in the class during the past five (5) years who were not provided the required tip notice; nevertheless, Defendant claimed a tip credit for these employees. Given Defendant's size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

110.    Plaintiff and the Putative Class Members were subject to the same employment policies.

111.    *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Tip Credit Class were "employees" of Defendant; (b) Whether Plaintiff and the Tip Credit Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Tip Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Notice Class the Florida minimum wages as required under Florida law; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) The nature, extent, and measure of damages suffered by Plaintiff and the Tip Notice Class based upon Defendant's conduct.

112.    *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from Defendant's company-wide policy of paying all servers a reduced wage without providing statutorily required notice of taking a tip credit.

113.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class.  Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff are interested in pursuing their claims against Defendant vigorously and have retained counsel competent and experienced in class and complex litigation.

114.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

115.    Defendant have acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole.  Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendant.

116.    Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

117.    Plaintiff and the Tip Notice Class members performed the same job duties, as servers, and were paid in an identical manner by Defendant based on Defendant's failure to provide Plaintiff and the Tip Notice Class members the appropriate tip credit notice when Defendant claimed a tip credit.

118.    Plaintiff and the Tip Notice Class members were not paid proper Florida minimum wage during the relevant time period.

119.    Defendant were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

120.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimate that the total number of putative Tip Notice Class members **exceeds** 50 servers.

121.    This action is intended to include each and every server who worked at Defendant's restaurant at 12075 S.W. 152nd St., Miami, FL 33177, during the past five (5) years who was not provided the requisite tip credit notice during any workweek.

122.    During all material times hereto, Plaintiff and all Tip Notice Class members were non-exempt servers and employees of Defendant.

123.    Plaintiff and the Tip Notice Class members performed work as servers which was an integral part of Defendant's business.

124.    Defendant violated the FMWA and Florida Constitution's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members the requisite tip credit notice.

125.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the same pay practices.

126.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

127.    A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

128.    Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

129.    The relief sought is common to the entire class including, inter alia: (a) Payment by Defendant of actual damages caused by its failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; and (b) Payment by Defendant of liquidated damages caused by its failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendant's intentional and/or willful violations.

WHEREFORE, Plaintiff, JONATHAN CONDE, respectfully request that this Honorable Court enter judgment in their favor and against Defendant, and award Plaintiff, and the Putative Class: (a) unliquidated Florida minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant, to be paid by Defendant; (c) liquidated damages to be paid by

Defendant; (d) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 to be paid by Defendant, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

<u>**COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS**</u>
**(TIP NOTICE COLLECTIVE)**

130.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 93 as though set forth fully herein.

131.    Plaintiff and all other servers were entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during their employment with Defendant.

132.    Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other servers with requisite notice of the tip credit required under federal law.

133.    Plaintiff and the Putative Collective of servers are therefore entitled to receive full federal minimum wage at the rate of $7.25 per hour for every hour of work within the previous three (3) years.

134.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for himself and the following similarly situated Tip Notice Collective:

> **All servers who worked for Defendant at Crab Du Jour in Miami, Florida, during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that they would be taking a tip credit toward the required federal minimum wage.**

135.    Defendant knew Plaintiff performed work but willfully failed to pay Plaintiff full federal minimum wages, contrary to the FLSA.

136.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

137.    Defendant's willful and/or intentional violations of law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JONATHAN CONDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT III – FED. R. CIV. P. 23 CLASS ACTION
## FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (80/20 CLASS)

138.    Plaintiff hereby re-avers Paragraphs 1 through 93 as though set forth fully herein.

139.    Defendant claimed a tip credit under Florida law for each hour of work performed by Plaintiff and all other servers during the previous five (5) years.

140.    However, Defendants instructed and required Plaintiff and the 80/20 Class Members to perform non-tipped duties and side-work amounting to at least of 20% of the total work they each performed in a single workweek.

141.    Plaintiff and all other similarly situated servers are/were therefore entitled to be paid Florida's full minimum wage during their employment with Defendant.

142.    Plaintiff and the proposed Class Members were subjected to similar violations of Florida law as a result of Defendant's failure to pay them the full state minimum wage when they were required to spend more than 20% of their workweek performing non-tipped duties and side work.

143.    Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for himself and the following class for Defendant's failure to pay constitutionally mandated state minimum wages:

> **All servers who worked for Defendant at Crab Du Jour in Miami, Florida, during the five (5) years preceding this lawsuit who were required to spend more than 20% of any workweek performing non-tipped duties and side work and did not receive the full applicable Florida minimum wage.**

## RULE 23 CLASS ALLEGATIONS

144.    Plaintiff brings their FMWA claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class.

145.    The putative 80/20 Class members are treated equally and similarly by Defendant, in that they were denied Florida minimum wages based upon the Defendant requiring Plaintiff and similarly situated servers to spend more than 20% of their workweek performing non-tipped duties and side work.

146.    *Numerosity:* Defendant employed at least 40 servers at their restaurant located at its restaurant at 3201 N. Miami Ave., Unit 106, Miami, FL 33127, during the past five (5) years who were required to spend at least 20% of their workweek performing non-tipped duties and side work and were not paid the pertinent Florida minimum wage.  Given Defendant's size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

147.    Plaintiff and the 80/20 Class members were victims of the same policies, including Defendant's requirement that employees spend at least 20% of each workweek performing non-tipped duties and side work.

148.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the 80/20 Class members were "employees" of Defendant; (b) Whether Plaintiff and the 80/20 Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the 80/20 Class under the FMWA and Florida Constitution by failing to compensate the putative class the full state minimum wage when they spent more than 20% of their workweek performing non-tipped duties and side work; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the 80/20 Class Florida minimum wages; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll and time keeping practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the 80/20 Class.

149.     *Typicality:* Plaintiff' claims are typical of the claims of the members of the 80/20 Class.  Plaintiff' claims arise from Defendant's company-wide policy of claiming a tip credit for all servers and requiring them spend more than 20% of their workweek on non-tipped duties and side work.

150.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of the 80/20 Class.  Plaintiff has no interest that might conflict with the interests of the 80/20 Class.  Plaintiff are determined to pursue their claims against Defendant vigorously and have retained counsel competent and experienced in class and employment litigation.

151.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

152.    Defendant acted on grounds generally applicable to the 80/20 Class, thereby making relief appropriate with respect to the 80/20 Class as a whole.  Prosecution of separate actions by individual members of the 80/20 Class would create the risk of varying adjudications with respect to the individual members of the 80/20 Class that would establish incompatible standards of conduct for Defendant.

153.    The identity of the 80/20 Class is readily identifiable from Defendant's records.

154.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the 80/20 Class.

155.    Plaintiff and the 80/20 Class members performed the same job duties, as restaurant servers, and were paid in an identical manner by Defendant based on Defendant requiring restaurant servers to spend more than 20% of shifts and workweeks on non-tipped duties and side work without paying the restaurant servers at least the full applicable Florida minimum wage.

156.    Plaintiff and the 80/20 Class members were not paid proper Florida minimum wages when their non-tipped duties and side work exceeded 20% of any workweek within the statute of limitations.

157. Defendant were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the 80/20 Class members in accordance with the law.

158. This action is intended to include each and every restaurant server who worked for Defendant's restaurant at 3201 N. Miami Ave., Unit 106, Miami, FL 33127, during the past five (5) years who was required to spend more than 20% of their workweek performing non-tipped duties and side work.

159. During all material times hereto, Plaintiff and all 80/20 Class members are/were non-exempt employees of Defendant.

160. Restaurant servers' work for Defendant is an integral part of Defendant's business.

161. Defendant violated the terms of the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative class members at least Florida's minimum wage for all hours worked.

162. In 2017, the Florida Minimum Wage was $8.10 per hour.

163. In 2018, the Florida minimum wage was $8.25 per hour.

164. In 2019, the Florida minimum wage was $8.46 per hour.

165. In 2020, the Florida minimum wage was $8.56 per hour.

166. From January 1, 2021, until September 29, 2021, the Florida minimum wage was $8.65 per hour.

167. From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

168. From September 30, 2023, through the present, the Florida Minimum Wage is/was $11.00 per hour.

169.   During all times material hereto, Plaintiff and one or more of the 80/20 Class members complained about the illegal practices above; however, Defendant took no action to rectify any of their violations.

170.   Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand before this claim was filed.

171.   More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff and the putative 80/20 Class for the minimum wages owed.

172.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

173.   Furthermore, even if every member of the 80/20 Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

174.   The relief Plaintiff seeks is common to the entire class including, inter alia: (a) Payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (b) Payment by the Defendant of liquidated damages caused by their intentional and/or willful failure to pay minimum wages pursuant to the Florida Minimum Wage Act and Florida Constitution; (c) Payment by the Defendant of the costs and expenses of this action, including attorney's fees of Plaintiff' counsel.

175.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the 80/20 Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work during their employment with Defendant.

WHEREFORE, Plaintiff, JONATHAN CONDE, respectfully request that this Honorable Court enter judgment in their favor and against Defendant, CDJ OF 152ND ST MIAMI LLC D/B/A CRAB DU JOUR and all others similarly situated: (a) unliquidated Florida minimum wages payable by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages, payable by Defendant; (d) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT IV - COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (80/20 COLLECTIVE)

176.     Plaintiff hereby re-avers Paragraphs 1 through 93 as though set forth fully herein.

177.     Plaintiff and all other similarly situated servers are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

178.     Defendant claimed a tip credit for each hour of work for Plaintiff and all other servers during all times material hereto.

179.     However, Defendant directed and required Plaintiff and 80/20 Collective Members to perform non-tipped duties and side-work amounting to at least 20% of the total work they each performed in a single workweek.

180.     Plaintiff and the Proposed Collective Members were subjected to similar violations of federal law as a result of the Defendant claiming a tip credit and requiring all servers to spend more than 20% of their workweek performing non-tipped duties and side work.

181.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover of federal minimum wages for himself and the following similarly situated 80/20 Collective:

> **All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the three (3) years preceding this lawsuit, who were required to spend more than 20% of their shifts performing "non-tipped" incidental duties and did not receive the full applicable federal minimum wage.**

182.    Defendant willfully failed to pay Plaintiff and the putative Collective Members the full federal minimum wage for one or more weeks of work.

183.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Collective Members have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendant.

184.    Defendant's willful and/or intentional violations of entitle Plaintiff and the putative Collective Members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JONATHAN CONDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant CDJ OF 152ND ST MIAMI LLC D/B/A CRAB DU JOUR and award Plaintiff, and all others similarly situated: (a) unliquidated federal minimum wages payable by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages payable by Defendant; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA payable by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## <u>COUNT V – FED. R. CIV. P. 23 CLASS ACTION</u><br><u>FOR FLORIDA MINIMUM WAGE VIOLATIONS</u><br>(SUBSTANTIAL SIDE WORK CLASS)

185.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 93 as though set forth fully herein.

186.    Defendant claimed a tip credit for each hour of work performed by Plaintiff and all other servers during all times material hereto.

187.    However, Defendant directed and required Plaintiff and Substantial Side Work Class Members to perform a substantial amount of non-tipped duties and side-work amounting to at least thirty (30) continuous minutes, up to several hours, during at least one of their respective assigned shifts in their individual employment periods.

188.    Plaintiff and all other similarly situated servers are/were entitled to be paid full Florida minimum wage for each hour worked during their employment with Defendant.

189.    Plaintiff seeks recovery of Florida minimum wages under Fed. R. Civ. P. 23 for himself and the following Substantial Side Work Class because of Defendant's failure to pay constitutionally mandated minimum wages:

> **All servers who worked for Defendant on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

190.    Pursuant to state and federal law, any side work consisting of more than thirty (30) continuous minutes is considered "substantial" side work and is not considered to be part of the tipped occupation.

191.    Although side work consisting of more than thirty (30) continuous minutes must be paid at the full state minimum wage, Defendant impermissibly claimed a tip credit for all work performed by servers (except for work performed during training periods).

192.    Defendant refused to compensate Plaintiff and all other servers the full Florida minimum wage, including during shifts when they were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

193.     Defendant required Plaintiff and all other servers to arrive to opening shifts at least 30-minutes to 1-hour before Defendant's restaurant opened to the public. During this time, Defendant unlawfully claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other servers less than the applicable state minimum wage.

194.     Moreover, Defendant required Plaintiff all other servers to spend a minimum of 30-minutes to 1-hour during each closing shift on side work and non-tipped duties, including when the restaurant's kitchen was closed and when tipped employees could not earn tips. During this time, Defendant claimed a tip credit of approximately $3.02 per hour and paid Plaintiff and all other servers less than the applicable state minimum wage.

195.     Because Plaintiff and all other similarly situated employees were forced to spend more than thirty (30) continuous minutes each shift on side work and non-tipped duties, Defendant are not permitted to take the applicable tip credit for this work and committed categorical Florida minimum wage violations since these regulations went into effect on December 28, 2021.

## RULE 23 CLASS ALLEGATIONS

196.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all restaurant servers who worked for Defendant at its restaurant at 3201 N. Miami Ave., Unit 106, Miami, FL 33127, since December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

197.     The putative Substantial Side Work Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based upon the Defendant's class-wide requirement for servers to spend more than thirty (30) continuous minutes on non-tipped duties and side work during each shift.

198.   *Numerosity:* Defendant employed at least 40 restaurant servers at its restaurant at 12075 SW 152nd Street, Miami, Florida, 33177 since December 28, 2021 who were not paid Florida minimum wages as a result of Defendant's requirement that these employees spend more than thirty (30) continuous minutes during each shift on non-tipped duties and side work.  Given Defendant's size and the systematic nature of their failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

199.   Plaintiff and the Substantial Side Work Class members were victim to the same employment policies, including Defendant's requirement for these employees to spend more than thirty (30) continuous minutes during each shift on non-tipped duties and side work.

200.   *Commonality:* Common questions of law and fact exist as to all members of the Substantial Side Work Class and predominate over any questions solely affecting any individual member of the Substantial Side Work Class, including Plaintiff.  Such questions common to the Substantial Side Work Class include, but are not limited to, the following: (a) Whether Plaintiff and the Substantial Side Work Class were "employees" of Defendant; (b) Whether Plaintiff and the Substantial Side Work Class's hours were properly recorded; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Substantial Side Work Class under the Florida Minimum Wage Act and Florida Constitution by requiring servers to spend more than thirty (30) continuous minutes on non-tipped duties on side work; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Substantial Side Work Class Florida minimum wages; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper time-keeping and payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Substantial Side Work Class based upon Defendant's conduct.

201.   *Typicality:* Plaintiff' claims are typical of the claims of the members of the Substantial Side Work Class.   Plaintiff' claims arise from the Defendant's company-wide requirement for servers to spend more than thirty (30) continuous minutes on non-tipped duties and side work each shift.

202.   *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Substantial Side Work Class.   Plaintiff has no interest that might conflict with the interests of the Substantial Side Work Class.   Plaintiff are interested in pursuing their claims against Defendant vigorously and have retained counsel competent and experienced in class and employment litigation.

203.   Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.   Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.   No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

204.   Defendant have acted on grounds generally applicable to the Substantial Side Work Class, thereby making relief appropriate with respect to the Substantial Side Work Class as a whole.   Prosecution of separate actions by individual members of the Substantial Side Work Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Substantial Side Work Class that would establish incompatible standards of conduct for Defendant.

205.    Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Substantial Side Work Class.

206.    Plaintiff and the Substantial Side Work Class members performed the same job duties, as restaurant servers, and were scheduled to work and paid in an identical manner by Defendant.  Defendant requires all servers to spend substantial time on non-tipped duties and side work during each shift, up to several hours, during opening and closing shifts when Defendant's restaurant is not open to the public. This caused state minimum wage violations during various workweeks after December 28, 2021.

207.    Defendant were aware of the requirements of the FMWA and Florida Constitution's Minimum Wage Amendment, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Substantial Side Work Class members in accordance with the law.

208.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimate that the total number of putative Substantial Side Work Class members exceeds 40 restaurant servers.

209.    This action is intended to include each and every restaurant server who worked for Defendant's restaurant at 12075 SW 152nd Street Miami, Florida 33177, since December 28, 2021 who was required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.

210.    During all material times hereto, Plaintiff and all Substantial Side Work Class members were non-exempt server employees of Defendant.

211.     Plaintiff and the Substantial Side Work Class members performed work as restaurant servers which was integral to Defendant's business operations.

212.     Defendant violated the FMWA and Florida Constitution's provision on minimum wages by not paying Plaintiff and the putative Substantial Side Work Class members at least Florida's minimum wage for some hours worked.

213.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

214.     From September 30, 2022, through the present, the Florida Minimum Wage is/was $11.00 per hour.

215.     The additional persons who may become Plaintiff in this action are servers who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift after December 28, 2021.

216.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a Florida minimum wage demand letter before this claim was filed.

217.     More than fifteen (15) calendar days have passed since Defendant received the Florida minimum wage demand letter and no payment has been tendered by Defendant to compensate Plaintiff and the putative Substantial Side Work Class their Florida minimum wages.

218.     The relief sought is common to the entire class including, inter alia: (a) Payment by the Defendant of actual damages caused by their failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act; (b) Payment by the Defendant of liquidated damages caused by their failure to pay Florida minimum wages pursuant to the Florida Constitution and Florida Minimum Wage Act as a result of Defendant's intentional and/or willful

violations; (c) Payment by the Defendant of the costs and expenses of this action, including attorney's fees of Plaintiff' counsel.

219.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Substantial Side Work Class members have been damaged in the loss of Florida minimum wages for one or more weeks of work after December 28, 2021.

220.     Defendant's willful and/or intentional violations state law entitle Plaintiff and the putative Substantial Side Work Class members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JONATHAN CONDE, respectfully request that this Honorable Court enter judgment in their favor and against Defendant and award Plaintiff, and all others similarly situated: (a) unliquidated Florida minimum wages payable by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages, payable by Defendant; (d) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution and Fla. Stat. § 448.110 payable by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT VI – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (SUBSTANTIAL SIDE WORK COLLECTIVE)

221.     Plaintiff re-alleges and re-avers Paragraphs 1 through 93 as though fully set forth herein.

222.     Defendant claimed a tip credit under federal law for each hour of work performed by Plaintiff and all other servers during the relevant time period.

223.     Plaintiff and all other similarly situated servers are/were entitled to be paid full federal minimum wage for all hours worked during their employment with Defendant.

224.    Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for himself and the following similarly situated Substantial Side Work Collective:

> **All servers who worked for Defendant at Crab Du Jour in Miami, Florida, on or after December 28, 2021, who were required to spend more than thirty (30) continuous minutes on non-tipped duties and side work during any shift.**

225.    Defendant violated the FLSA because they required servers to spend more than thirty (30) continuous minutes on non-tipped duties and side work.

226.    Defendant required Plaintiff and all other servers to spend substantial time working on tip supporting work, side work and non-tipped duties and claimed a tip credit for this work (instead of paying these employees the full applicable federal minimum wage).

227.    Because Plaintiff and all other similarly situated servers were forced to spend more than thirty (30) continuous minutes on tip supporting work, non-tipped duties and side work, Defendant are not permitted to take the applicable tip credit under federal law.

228.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Collective Members have been damaged in the loss of federal minimum wages for one or more weeks of work.

229.    Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative Collective Members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JONATHAN CONDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, CDJ OF 152ND ST MIAMI LLC D/B/A CRAB DU JOUR: (a) unliquidated federal minimum wages payable by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) an equal amount of liquidated damages payable by Defendant; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA payable

by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## COUNT VII – FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS
### (UNLAWFUL TIP SHARE CLASS)

230.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 93 as though set forth fully herein.

231.    Plaintiff has fulfilled all conditions precedent required to bring this action under the Florida Minimum Wage Act and Florida Constitution.

232.    Plaintiff and other similarly situated workers customarily received tips as part of their compensation.

233.    The Florida tip credit requirements are modeled after the FLSA.

234.    Under the FLSA, pursuant to 29 U.S.C. 203(m)(2)(B), "an **employer** may not keep tips received by its employees for any purposes, including allowing **managers** or **supervisors** to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[1]

235.    During all times material hereto, Defendant enforced a restaurant-wide policy pursuant to which, Plaintiff and all other servers were required to surrender a portion of their tips to the Defendant through its agents and/or management personnel.

236.    Defendants have enforced this policy for the previous five (5) years.

237.    Plaintiff and the Tip Share Class Members are entitled to recover the tip credit for the previous five (5) years **and** the sum of all tips that they were required to surrender to

supervisors, managers, owners, and/or other non-customarily tipped employees from March 23, 2018, through the present.

238.     Defendants therefore forfeit any tip credit under Florida law and owe each Tip Share Class Member *at least* $3.02 for each hour of work they performed within the past 5 years in time periods in which Defendants failed to comply with the reduced wage requirements.

239.     In 2017, the Florida Minimum Wage was $8.10 per hour.

240.     In 2018, the Florida Minimum Wage was $8.25 per hour.

241.     In 2019, the Florida Minimum Wage was $8.46 per hour.

242.     In 2020, the Florida Minimum Wage was $8.56 per hour.

243.     From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

244.     From September 30, 2021, through the present the Florida Minimum Wage has been $10.00 per hour.

245.     Plaintiff and the proposed Tip Share Class members were subject to similar violations of the FMWA and Florida Constitution. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida's mandated minimum wages:

> **Unlawful Tip Share Class: All servers who worked for Defendant at Crab Du Jour during the five (5) years preceding this lawsuit, who were required to share their tips with the restaurant and/or ineligible employees, including but not limited to supervisors and/or managers.**

RULE 23 CLASS ALLEGATIONS

246.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Share Class").

247.     The putative Tip Share Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wage based upon the Defendant's companywide policy of permitting supervisors, managers, owners, and/or other non-customarily tipped employees to pilfer tips, thereby invalidating Defendant's ability to claim a tip credit.

248.     *Numerosity*: Defendant employed in excess of 40 servers in the class during the past five (5) years who were paid the applicable reduced wage when Defendant permitted supervisors, managers, owners, and/or other non-customarily tipped employees to pilfer tips. Given Defendant's considerable size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

249.     Plaintiff and the class members were subject to the same policies.

250.     *Commonality*: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following:

(a)     Whether Plaintiff and the Tip Share Class were "employees" of Defendant;

(b)     Whether Plaintiff and the Tip Share Class' hours were properly recorded;

(c)     Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Tip Share Class under the FMWA by permitting supervisors, managers, owners, and/or other non-customarily tipped employees to receive a portion of workers' tips;

(d)     Whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Share Class the Florida minimum wages as required under Florida law;

(e)     Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(f)     The nature, extent, and measure of damages suffered by the Plaintiff and the Tip Share Class based upon Defendant's conduct.

251.    *Typicality:* Plaintiff's claims are typical of the Tip Share Class members' claims. Plaintiff's claims arise from the Defendant's company-wide policy of permitting all restaurant workers to surrender a portion of their tips to supervisors, managers, owners, and/or other non-customarily tipped employees which resulted in them not receiving the applicable Florida minimum wage.

252.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Share Class.  Plaintiff has no interest that might conflict with the interests of the Tip Share Class.  Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

253.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

254.    Defendant has acted on grounds generally applicable to the Tip Share Class, thereby making relief appropriate with respect to the Tip Share Class as a whole.  Prosecution of separate actions by individual members of the Tip Share Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Share Class that would establish incompatible standards of conduct for Defendant.

255.    Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Share Class.

256.    Plaintiff and the Tip Share Class members performed the same job duties, as restaurant workers, and were paid in an identical manner by Defendant.

257.    Plaintiff and the Tip Share Class members were not paid proper Florida minimum wage for certain hours worked because they were all subject to the same tip sharing policy, which permitted and encouraged supervisors, managers, owners, and/or other non-customarily tipped employees to retain workers' hard-earned tips.

258.    Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Share Class members in accordance with the law.

259.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Tip Share Class Members exceeds 40 servers.

260.    This action is intended to include each and every worker who worked at the Crab Du Jour restaurant located in Miami, Florida during the past five (5) years who was subject to Defendant's unlawful tip policies.

261.    During all material times hereto, Plaintiff and all Tip Share Class Members were non-exempt employees of Defendant.

262.    Plaintiff and the Tip Share Class Members performed work as servers which was an integral part of the business for Defendant.

263.    Defendant violated the terms of the FMWA and Florida Constitution's provision on minimum wages permitting supervisors, managers, owners, and/or other non-customarily tipped employees and to retain tips from Plaintiff and all other servers during the relevant time period.

264.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the Defendant's unlawful tip policy within the previous five (5) years.

265.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

266.    More than fifteen (15) calendar days have passed since Defendants received the Florida Minimum Wage demand letter and Defendant has failed to tender full payment to compensate Plaintiff and the Tip Share Class members for the Florida minimum wages they are owed.

267.    The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

268.    Absent class-wide redress of these claims, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

269.    Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

270.    The relief sought is common to the entire class including, inter alia:

(a)    The difference between the reduced Florida Minimum Wage and the Full Florida Minimum Wage for all workers during the previous five (5) years who were permitted to share their tips with supervisors, owners, managers, and/or other non-customarily tipped employees;

(b)    Payment by the Defendant of tips unlawfully retained from March 23, 2018, through the present;

(c)    Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendant's intentional and/or willful violations;

(c)    Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

271.    Plaintiff and the Tip Share Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the FMWA and Florida Constitution.

272.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JONATHAN CONDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, CDJ OF 152ND ST MIAMI LLC D/B/A CRAB DU JOUR, and award Plaintiff, and the putative class: (a) recovery of the tip credit owed Plaintiff and the Tip Share Class for the previous five (5) years; (b) recovery of all tips unlawfully retained from March 23, 2018, through the present; (c) liquidated damages; (d) all reasonable attorney's fees and costs as permitted under Florida law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT VIII – UNLAWFUL TAKING OF TIPS – 29 U.S.C. § 216(b)/29 U.S.C. § 203(m)
### (TIP SHARE COLLECTIVE)

273.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 93 as though set forth fully herein.

274.    Plaintiff and all other similarly situated servers customarily receive tips as part of their compensation during their employment with Defendant.

275.    Pursuant to 29 U.S.C. 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

276.    During all material times hereto, Defendant enforced a company-wide policy that forced Plaintiff and all other servers to surrender a portion of their tips to the restaurant through its management personnel.

277.    Defendant has enforced this policy for at least the previous three (3) years.

278.    Plaintiff and similarly situated front-of-house Restaurant Workers paid at reduced hourly wages are entitled to recover the tip credit **and** the sum of all tips that they were permitted

to share with supervisors, managers, owners, and/or other non-customarily tipped employees from March 23, 2018, through the present.

279.    Defendants' failure to comply with the FLSA was willful and/or intentional.

280.    Defendants knew or should have known of the pertinent FLSA laws, rules and regulations and willfully ignored them as Defendants kept a portion of workers' hard-earned tips during the course of the previous three (3) years.

WHEREFORE, Plaintiff, JONATHAN CONDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, CDJ OF 152ND ST MIAMI LLC D/B/A CRAB DU JOUR, and award Plaintiff, and the Putative Collective: (a) recovery of the tip credit owed Plaintiff and the Class for the previous three (3) years; (b) recovery of all tips unlawfully retained from March 23, 2018, through the present; (c) liquidated damages; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

**COUNT IX – FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(UNLAWFUL KICK-BACK CLASS)**

281.    Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 93 as though set forth fully herein.

282.    Plaintiff has fulfilled all conditions precedent required to bring this action under the Florida Minimum Wage Act and Florida Constitution.

283.    Plaintiff and other similarly situated servers customarily received tips as part of their compensation.

284.    The Florida tip credit requirements are modeled after the FLSA.

285.     Under the FLSA, pursuant to 29 U.S.C. 203(m)(2)(B), "an **employer** may not keep tips received by its employees for any purposes, including allowing **managers** or **supervisors** to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[2]

286.     During all times material hereto, Defendant enforced a restaurant-wide policy pursuant to which, Plaintiff and all other servers were required to surrender a portion of their tips to the Defendant through its agents and/or management personnel to cover and reimburse Defendant for costs associated with walk-outs, breakages, and/or cash register shortages.

287.     Defendant has enforced this policy for the previous five (5) years.

288.     Plaintiff and the Tip Share Class Members are entitled to recover the tip credit for the previous five (5) years **and** the sum of all tips that they were required to surrender to Defendant and/or its supervisors, managers, and/or owners, from March 23, 2018, through the present.

289.     Defendant therefore forfeits any tip credit under Florida law and owe each Tip Share Class Member *at least* $3.02 for each hour of work they performed within the past 5 years in time periods in which Defendants failed to comply with the reduced wage requirements.

290.     In 2017, the Florida Minimum Wage was $8.10 per hour.

291.     In 2018, the Florida Minimum Wage was $8.25 per hour.

292.     In 2019, the Florida Minimum Wage was $8.46 per hour.

293.     In 2020, the Florida Minimum Wage was $8.56 per hour.

294.     From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

---

295.    From September 30, 2021, through the present the Florida Minimum Wage has been $10.00 per hour.

296.    Plaintiff and the proposed Tip Share Class members were subject to similar violations of the FMWA and Florida Constitution.  Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendants' failure to pay Florida's mandated minimum wages:

> **Unlawful Kick-Back Class: All servers who worked for Defendant at Crab Du Jour in Miami, Florida during the five (5) years preceding this lawsuit, who were required to surrender their tips to the restaurant, supervisors and/or managers to cover and reimburse Defendant for costs associated with walk-outs, breakages, and/or cash register shortages.**

## RULE 23 CLASS ALLEGATIONS

297.    Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Unlawful Kick-Back Class").

298.    The putative Unlawful Kick-Back Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wage based upon the Defendant's companywide policy of permitting Defendant and its supervisors, managers, and/or owners, to obtain tips to cover costs associated with walk-outs, breakages, and/or cash register shortages, thereby invalidating Defendant's ability to claim a tip credit.

299.    *Numerosity*: Defendant employed in excess of 40 servers in the class during the past five (5) years who were paid the applicable reduced wage when Defendant permitted supervisors, managers, and/or owners, to pilfer tips. Given Defendant's considerable size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

300.    Plaintiff and the class members were subject to the same policies.

301.     *Commonality*: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.   Such questions common to the Class include, but are not limited to the following:

(g)     Whether Plaintiff and the Unlawful Kick-Back Class were "employees" of Defendant;

(h)     Whether Plaintiff and the Unlawful Kick-Back Class' hours were properly recorded;

(i)     Whether Defendants violated the Florida minimum wage rights of Plaintiff and the Unlawful Kick-Back Class under the FMWA by permitting supervisors, managers, owners, and/or other non-customarily tipped employees to receive a portion of workers' tips;

(j)     Whether Defendant willfully or intentionally refused to pay Plaintiff and the Unlawful Kick-Back Class the Florida minimum wages as required under Florida law;

(k)     Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and

(l)     The nature, extent, and measure of damages suffered by the Plaintiff and the Unlawful Kick-Back Class based upon Defendant's conduct.

302.     *Typicality*: Plaintiff's claims are typical of the Unlawful Kick-Back Class members' claims.   Plaintiff's claims arise from the Defendant's company-wide policy of permitting all restaurant workers to surrender a portion of their tips to supervisors, managers, and/or owners which resulted in them not receiving the applicable Florida minimum wage.

303.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Unlawful Kick-Back Class.  Plaintiff has no interest that might conflict with the interests of the Unlawful Kick-Back Class.  Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and employment litigation.

304.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

305.    Defendant has acted on grounds generally applicable to the Unlawful Kick-Back Class, thereby making relief appropriate with respect to the Unlawful Kick-Back Class as a whole.  Prosecution of separate actions by individual members of the Unlawful Kick-Back Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Unlawful Kick-Back Class that would establish incompatible standards of conduct for Defendant.

306.    Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Unlawful Kick-Back Class.

307.    Plaintiff and the Unlawful Kick-Back Class members performed the same job duties, as restaurant workers, and were paid in an identical manner by Defendant.

308. Plaintiff and the Unlawful Kick-Back Class members were not paid proper Florida minimum wage for certain hours worked because they were all subject to the same tip sharing policy, which permitted and encouraged supervisors, managers, and/or owners to retain servers' hard-earned tips.

309. Defendants were aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Unlawful Kick-Back Class members in accordance with the law.

310. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of putative Unlawful Kick-Back Class Members exceeds 40 servers.

311. This action is intended to include each and every server who worked at the Crab Du Jour restaurant located in Miami, Florida during the past five (5) years who was subject to Defendant's unlawful tip policies.

312. During all material times hereto, Plaintiff and all Unlawful Kick-Back Class Members were non-exempt employees of Defendant.

313. Plaintiff and the Unlawful Kick-Back Class Members performed work as servers which was an integral part of the business for Defendant.

314. Defendant violated the terms of the FMWA and Florida Constitution's provision on minimum wages permitting supervisors, managers, and/or owners to retain tips from Plaintiff and all other servers during the relevant time period.

315.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the Defendant's unlawful tip policy within the previous five (5) years.

316.    Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

317.    More than fifteen (15) calendar days have passed since Defendant received the Florida Minimum Wage demand letter and Defendant has failed to tender full payment to compensate Plaintiff and the Unlawful Kick-Back Class members for the Florida minimum wages they are owed.

318.    The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

319.    Absent class-wide redress of these claims, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

320.    Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

321.    The relief sought is common to the entire class including, inter alia:

(a)     The difference between the reduced Florida Minimum Wage and the Full Florida Minimum Wage for all workers during the previous five (5) years who were permitted to share their tips with supervisors, owners, managers, and/or other non-customarily tipped employees;

(b)     Payment by the Defendant of tips unlawfully retained from March 23, 2018, through the present;

(c)     Payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendant's intentional and/or willful violations;

(d)     Payment by the Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

322.     Plaintiff and the Unlawful Kick-Back Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the FMWA and Florida Constitution.

323.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JONATHAN CONDE, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, CDJ OF 152ND ST MIAMI LLC D/B/A CRAB DU JOUR, and award Plaintiff, and the putative class: (a) recovery of the tip credit owed Plaintiff and the Unlawful Kick-Back Class for the previous five (5) years; (b) recovery of all tips unlawfully retained from March 23, 2018, through the present; (c) liquidated damages; (d) all reasonable attorney's fees and costs as permitted under Florida law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT X – UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

324. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 93 as though set forth fully herein.

325. In violation of § 203(m) of the FLSA, Defendant directed and required Plaintiff and all other servers to surrender a portion of their tips to the restaurant or ineligible employees, particularly supervisors and/or managers.

326. Defendant also required Plaintiff and all other servers to surrender a portion of their tips to cover expenses incurred by Defendant as a result of "dine-and-dash" customers (among other related "kickbacks" that Defendant forced Plaintiff and all other servers to provide to Defendant).

327. In the middle of January 2023, Plaintiff first engaged in protected activity under the FLSA by verbally objecting to Defendant's practice of forcing him and all other servers to surrender a portion of the tips that they earned throughout their shifts, in violation of 203(m)(2)(B).

328. Plaintiff's verbal objection constitutes protected activity under the FLSA.

329. Upon notice of Plaintiff's objections and his engagement in protected activity under the FLSA, Defendant responded by immediately terminating Plaintiff's employment on January 19, 2023.

330. The temporal proximity of Plaintiff's termination to Plaintiff's invocation of his FLSA rights creates a presumption that Plaintiff's protected activity was the direct cause of his termination.

331. Any other justification given for Plaintiff's termination is pre-textual.

332. Defendant's termination of Plaintiff constitutes unlawful retaliation that is prohibited under the FLSA.

333.    As a result of the unlawful, retaliatory termination, Plaintiff has suffered damages including lost back wages, lost front wages, emotional distress, pain and suffering, loss of reputation, and other damages that will be proven at trial.

334.    As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JONATHAN CONDE, demands judgment against Defendant, CDJ OF 152ND ST MIAMI LLC D/B/A CRAB DU JOUR, and respectfully requests that he be awarded the following relief: (a) back wages; (b) front wages; (c) unliquidated damages; (d) liquidated damages; (e) damages arising from emotional distress, pain and suffering, and loss of reputation; (f) immediate reinstatement or wages in lieu of reinstatement in the event that reinstatement is not feasible; (g) reasonably attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS -
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Co-Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE S. BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com

**OBEIDY & ASSOCIATES, P.A.**
2755 E. Oakland Park Blvd. Suite 225
Fort Lauderdale, Florida 33306
Ph: (305) 892-5454
Fax: (954) 206-6955
*Co-Counsel for Plaintiff*

By: */s/ Andrew Obeidy*
ANDREW OBEIDY, ESQUIRE
Florida Bar No. 910341
andrew@obdlegal.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on April 19, 2023.

By: *_/s/ Jordan Richards_*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 1017746

<u>**SERVICE LIST**</u>

**DAVID M. MCDONALD, ESQ.**
Florida Bar No. 613241
dmcdonald@mmlawmiami.com
eservice@mmlawmiami.com
aperez@mmlawmiami.com
MCLUSKEY, MCDONALD & HUGHES, P.A.
8821 S.W. 69th Court
Miami, Florida 33156
Ph: (305) 670-2020
*Counsel for Defendant*