UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-cv-21065-CMA/Damian

JONATHAN CONDE, individually, and on
behalf of all others similarly situated,

    Plaintiffs,

vs.

CDJ OF 152ND ST MIAMI LLC d/b/a
CRAB DU JOUR,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S PRELIMINARY STATEMENT OF CLAIM (DE 5)

CDJ OF 152ND ST MIAMI LLC d/b/a CRAB DU JOUR ("CDJ" or "Defendant"), by and through its undersigned counsel, respectfully submits its Response to Plaintiff's Statement of Claim (DE 5), which was served on Defendant's counsel on April 18, 2023 and further states:

In Plaintiff's Statement of Claim, Jonathan Conde[1] asserts that he estimates his unpaid wages he seeks to be reimbursement for 30 hours per week or work for the duration of his employment with Defendant for the period of his employment to be **$811.56**. Plaintiff seeks the same amount as liquidated damages.

As an initial matter, Defendant's denies liability to Plaintiff, and denies he has suffered any damages for which he may recover in this action. Further, based on Defendant's records, the factual assertions on which Plaintiff's claim of alleged

---

[1] Plaintiff identified himself when working for the Defendant as Jonathan Blackburn

- 1 -

damages are incorrect. According to Defendant's records, Plaintiff worked only 667.5633 hours as a server receiving a tip credit during the May 2022 to January 2023 timeframe. For this approximate 36 week time period Plaintiff worked as a server, restaurant records produced to Plaintiff demonstrate that he averaged less than 20 hours of work per week and was paid on average $20 per hour. Prior to working as a server and receiving both wages and tips, Plaintiff worked as a food runner and received minimum wages or more and shared in a tip pool set up for those individuals who assisted the servers perform their work. Plaintiff was elevated to the position of server in May 2022. Plaintiff did not work any hours for Defendant after January 15, 2023.

Defendant asserts that proper notice of the tip credit was given to all servers however the factual circumstances of the employee's receipt of the tip notice varied factually and legally from employee to employee. As such, separate factual decisions will be necessary for each purported class or collective action member.

Defendant's additionally denies Plaintiff's assertion that the "calculation of damages for the putative class would be identical," and denies that either Plaintiff, or any putative collective action members, is entitled to liquidated damages under 29 U.S.C. § 216(b), or his attorney's fees and costs. Moreover, Defendant denies the claimed class size of over 40. Defendant asserts that only servers received a tip credit from their wages and the total number of servers during the relevant time period was between 24-27 servers. Defendant will have an accurate number upon completion of the review of Defendant's records. Further, Defendant reserves all rights and defenses with respect to any additional claims that may be asserted in this action by

- 2 -

**McLUSKEY, McDONALD & HUGHES, P.A.**
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 670-2020 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

CASE NO. 23-cv-21065-CMA

Plaintiff on behalf of himself or other putative collective action members.

Defendant denies it retaliated against the Plaintiff and asserts that Plaintiff was properly terminated for excessive tardiness after multiple verbal warnings and two written warnings issued over a six (6) month time frame.

Defendant continues to investigate this matter, and reserves the right to amend or supplement its response as discovery in this matter continues.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on May 9, 2023, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  We also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF and via email on:  Jordan Richards, Esq., Jake S. Blumstein, Esq., USA Employment Lawyers – Jordan Richards, PLLC, 1800 SE 10th Avenue, Suite 205, Ft. Lauderdale, FL  33316 Jordan@jordanrichardspllc.com Jake@jordanrichardspllc.com and Andrew Obeidy, Esq., Obeidy & Associates, P.A., 2755 E. Oakland Park Blvd., Suite 225, Ft. Lauderdale, FL  33306 andrew@obdlegal.com.

/s/ *David M. McDonald*
John W. McLuskey
Florida Bar No. 331171
David M. McDonald
Florida Bar No. 613241
McLuskey, McDonald & Hughes, P.A.
Attorney for Defendant
8821 S.W. 69th Court
Miami, FL 33156
eservice@mmlawmiami.com
dmcdonald@mmlawmiami.com
aperez@mmlawmiami.com
305-670-2020 Telephone