UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-cv-21065-CMA/Damian

JONATHAN CONDE, individually, and on
behalf of all others similarly situated,

      Plaintiffs,

vs.

CDJ OF 152ND ST MIAMI LLC d/b/a
CRAB DU JOUR,

      Defendant.

_____ /

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES

CDJ OF 152ND ST MIAMI LLC d/b/a CRAB DU JOUR  ("CDJ " or "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff's Amended Class/Collective Action Complaint for Damages and Demand for Jury Trial (DE 11) filed by Plaintiff JONATHAN CONDE ("Conde" or "Plaintiff").

Responding to the specifically numbered paragraphs of Plaintiff's Amended Class/Collective Action Complaint for Damages[1], and using the same numbered paragraphs and headings that appear therein, Defendant states as follows:

---

[1] Defendant acknowledges that Plaintiff, on behalf of himself and all other persons allegedly similarly situated who are current or former servers of Defendant ("Collective Members") is suing Defendant, but denies that any unlawful practices occurred and denies that Plaintiff or any Collective Members are entitled to any relief.

- 1 -

## INTRODUCTION

1.      Defendant admits those statements of law set forth however relies on the exact wording of the cited sections and to the extent this paragraph misquotes those sections and statutes, the actual language of the law should apply. Defendant denies the remainder of this paragraph and denies it has violated Florida or Federal wage and hour laws. Moreover Defendant denies it has been in operations for five (5) years. Defendant admits it began business operations in March 2022.

## PARTIES

2.      Admit.

3.      Admit that Plaintiff is attempting to assert a collective action on behalf of servers.  Defendant denies it has been in operations for 3 years and denies that Plaintiff has correctly stated its address.

4.      Admit that Plaintiff is attempting to assert a class action on behalf of servers . Defendant denies it has been in operations for 3 years and denies that Plaintiff has correctly stated its address.

5.      Denied. Defendant hired Plaintiff in March as a runner and elevated Plaintiff to server in May 2022.

6.      Denied.

7.      Without knowledge therefore denied

8.      Admit that Plaintiff seeks certification but denies the same on the merits.

9.      Admit that Plaintiff seeks certification but denies the same on the merits.

10.      Admit that defendant's records are the best source of this information.

11.      Admit.

- 2 -

12.     Admit.

13.     Admit.

14.     Admit.

15.     Admit.

16.     Admit.

## JURISDICTION AND VENUE

17.     Admit.

18.     Admit.

19.     Admit.

20.     Admit.

21.     Admit.

22.     Admit

## FLSA COVERAGE

23.     Admit.

24.     Defendant admits various employees including Plaintiff handle goods.

25.      Denied as to the last five years as Defendant has only been open for business since March 2022. Admit for 2022.

## GENERAL FACTUAL ALLEGATIONS

26.     Admit.

27.     Admit however only from March 2022 to the present.

28.     Admit

**McLUSKEY, McDONALD & HUGHES, P.A.**
THE BARRISTER BUILDING ● 8821 S.W. 69TH COURT ● MIAMI, FLORIDA 33156
TELEPHONE (305) 670-2020 ● FACSIMILE (305) 662-6164 ● www.mmlawmiami.com

29.     Admit that job duties primarily consisted of serving patrons and customers but there were other job duties not listed here and denied that no special skill or advanced skill was involved.

30.     Admit.

31.     Admit.

32.     Admit.

33.     Admit but after consulting with the server.

34.     Admit but after consulting with the server.

35.     Denied.  Plaintiff schedule varied from week to week.

36.     Admit Defendant made a work schedule however there are always circumstances where Plaintiff did not have to work on the specific days such as with illness or injury.

**DEFENDANT FAILED TO PROVIDE SUFFICENT NOTICE OF THE TIP CREDIT**

37.     Admit.

38.     Defendant claimed a tip credit for hours worked by servers as servers. To the extent this allegation is contrary to this statement it is denied.

39.     Admit that Defendant paid servers a reduced wage for tipped employees but paid minimum wage or better for all other employees who did not qualify for the tip credit.

40.     Denied. Defendant complies with the notice requirements. See, *Rafferty v. Denny's* 13 F. 4th 1166 (Fla 11th Cir. 2021).

41.      Denied. Jonathan "Conde" Blackburn first worked for defendant as a food runner earning full minimum wage or better and requested to be promoted to server so

- 4 -

he could earn more money as a tipped employee and with his work with other servers and discussions with management before starting as a server was fully aware that he would receive tips and a reduced hourly wage but when combined together he would earn much more than minimum wage which he did, averaging almost $20 per hour when he worked for the Defendant.

42.    Denied.

43.    Denied.

**DEFENDANT REQUIRES PLAINTIFF AND OTHER SERVERS TO SPEND MORE THAN 20% OF THE WORK WEEK ON NON-TIPPED DUTIES AND SIDE WORK**

44.    Without knowledge therefore denied. See *Restaurant Law Center v. US Dept. of Labor, et al*; 2023 WL 3139900 (5th Cir. April 28, 2023).

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied to the extent such allegations included side work that violated the FLSA.

50.    Denied to the extent such allegations included side work that violated the FLSA.

51.    Admit that tips could not be earned when the restaurant was closed but denied that such work was incidental to tip producing work and in compliance with the FLSA.

52.    Denied.

**McLUSKEY, McDONALD & HUGHES, P.A.**
THE BARRISTER BUILDING ● 8821 S.W. 69TH COURT ● MIAMI, FLORIDA 33156
TELEPHONE (305) 670-2020 ● FACSIMILE (305) 662-6164 ● www.mmlawmiami.com

53.     Admit that this allegation tracks the language of the CFR however its applicability to this lawsuit is denied.

54.     Admit that this allegation tracks the language of the CFR however its applicability to this lawsuit is denied.

55.     Defendant denies it directed any tipped employees to act in a manner in violation of the Florida Statutes.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Defendant admits that all servers received a reduced minimum wage in conformance with Florida and Federal law.

60.     Denied.

61.     Admit.

62.     Denied.

63.     Denied.

64.     Denied.

65.      Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Without knowledge therefore denied.

70.     Denied.

71.     Denied.

**McLUSKEY, McDONALD & HUGHES, P.A.**
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 670-2020 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

72.    Denied.

73.    Denied.

74.    Denied.  Defendant employed a payroll service to ensure lawful compliance.

75.    Without knowledge. Defendant has no reason to dispute this allegation.

76.     Admit.

77.    Denied.

78.    Unknown therefore denied. Defendant does not dispute Plaintiff's counsel experience and competence.

79.    Unknown therefore denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied

93.    Denied.

**McLUSKEY, McDONALD & HUGHES, P.A.**
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 670-2020 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

**COUNT I**
**FED.R.CIV.P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(TIP NOTICE CLASS)**

94.    Defendant readopts and restates its answers to paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

95.    Defendant denies the allegations.

96.    Denied.

97.    Admit.

98.    Admit but irrelevant to this suit as Defendant was not in business in 2017.

99.    Admit but irrelevant.

100.    Admit but irrelevant.

101.    Admit but irrelevant.

102.    Admit but irrelevant.

103.    Admit.

104.    Admit.

105.    Without knowledge therefore denied.

106.    Defendant admits Plaintiff seeks certification as stated.

107.    Denied.

108.    Without knowledge therefore denied.

109.    Denied.

110.    Without knowledge therefore denied.

111.    Denied.

112.    Denied.

- 8 -

113.    Without knowledge therefore denied. Defendant does not dispute Plaintiff's counsel's competence and experience.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied as phrased.

120.    Admit that the records would be the best source of information, denied as to Plaintiff's estimates.

121.    Denied as phrased. Defendant provided notice at all times and was not required to repeat the notice to the same employees every work week.

122.    Admit that Defendant's servers were nonexempt under the FLSA.

123.    Defendant admits that servers work is integral to defendant's business.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

**COUNT II**
**COLLECTIVE ACITON FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(TIP NOTICE COLLECTIVE)**

**McLUSKEY, McDONALD & HUGHES, P.A.**
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 670-2020 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

130.    Defendant readopts and restates its answers to paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Admit this paragraph sets forth what Plaintiff seeks to recover but denies the same on the merits.

135.    Denied.

136.    Denied.

137.    Denied.

**COUNT III**
**FED.R.CIV.P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(80/20 CLASS)**

138.    Defendant readopts and restates its answers to paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

139.    Denied as phrased. Admit that a tip credit was applied from the date the restaurant opened for business in March 2022 to servers when working as servers including Plaintiff

140.    Denied.

141.    Denied.

142.     Denied.

143.     Admit this is what Plaintiffs seeks however denied on the merits.

144.    Admit. However Defendant denies that this case is appropriate for class action.

- 10 -

145.   Denied.

146.   Denied. Plaintiff has listed the incorrect address of the Defendant and the number of years of operation as well as the number of servers.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.  Defendant did not violate the law willfully in unintentionally.

158.   Denied. (See response to 146 above.)

159.   Admit that Plaintiff was a non- exempt employee. Without knowledge therefore denied as to the class members.

160.   .Admit.

161.   Denied.

162.   Admit but irrelevant to this case.

163.   Admit but irrelevant.

164.   Admit but irrelevant.

165.   Admit but irrelevant.

- 11 -

166.    Admit but irrelevant.

167.    Admit.

168.    Admit.

169.    Denied.

170.    Admit.

171.    Admit

172.    Denied in this case.

173.    Denied.

174.    Denied.

175.    Denied.

## COUNT IV
## COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
## (80/20 COLLECTIVE

176.    Defendant readopts and restates its answers to paragraphs 1 through 93 of

the Amended Complaint as if fully set forth herein.

177.    Denied

178.    Denied.

179.    Denied.

180.    Denied.

181.    Admit that this paragraph sets forth what plaintiff seeks to recover.

182.    Denied.

183.    Denied.

- 12 -

CASE NO. 23-cv-21065-CMA

184.    Denied.

## COUNT V
## FED.R.CIV.P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS
## (SUBSTANTIAL SIDE WORK CLASS)

185.    Defendant readopts and restates its answers to paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

186.    Admit.

187.    Denied.

188.    Denied.

189.    Admit this is what Plaintiff seeks. Denied on the merits.

190.    Denied that this statement accurately states the FLSA. See *Restaurant Law Center v. US Dept. of Labor, et al*; 2023 WL 3139900 (5th Cir. April 28, 2023).

191.    Denied that this statement accurately states the FLSA. See *Restaurant Law Center v. US Dept. of Labor, et al*; 2023 WL 3139900 (5th Cir. April 28, 2023).

192.    Denied. Defendant paid the appropriate wage to servers as required by the FLSA.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

- 13 -

201.   Denied.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied any willful or unintentional violations occurred.

208.   Admit that business records would supply this information.

209.   Denied.

210.   Defendant admits that servers were non-exempt.

211.    Defendant admits that servers work was essential to Defendant.

212.   Denied.

213.    Admit.

214.   Admit.

215.   Without knowledge therefore denied.

216.   Admit

217.   Admit

218.   Denied.

219.    Denied.

220.   Denied.

**McLUSKEY, McDONALD & HUGHES, P.A.**
THE BARRISTER BUILDING ● 8821 S.W. 69TH COURT ● MIAMI, FLORIDA 33156
TELEPHONE (305) 670-2020 ● FACSIMILE (305) 662-6164 ● www.mmlawmiami.com

**COUNT VI**
**COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS**
**(SUBSTANTIAL SIDE WORK COLLECTIVE)**

221.   Defendant readopts and restates its answers to paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

222.   Defendant admits it claimed a tip credit for Plaintiff when he worked as a server and for all other servers when they worked as servers.

223.   Defendant admits it paid Plaintiff full federal minimum wage when Plaintiff worked as something other than a server.  Denied as to the remaining allegations.

224.   Defendant admits this paragraph states that the Plaintiff seeks to recover; however, the Defendant denies the merits of the statement.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

**COUNT VII**
**FED.R.CIV.P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(UNLAWFUL TIP SHARE CLASS)**

230.   Defendant readopts and restates its answers to paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

231.   Admit..

232.   Vague, therefore denied.

233.   Admit.

234.   Admit that this is an accurate statement of the FLSA.

- 15 -

235.    Denied.

236.    Denied.  Defendant has been open for business since March, 2022.

237.    Denied.

238.    Denied.

239.    Admit; however, irrelevant to this case.

240.    Admit; however, irrelevant to this case.

241.    Admit; however, irrelevant to this case.

242.    Admit; however, irrelevant to this case.

243.    Admit; however, irrelevant to this case.

244.    Partially admit and partially denied. It is believed that minimum wage was increased during a portion of this period.

245.    Denied.

246.    Without knowledge, therefore denied.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

**McLUSKEY, McDONALD & HUGHES, P.A.**
THE BARRISTER BUILDING ● 8821 S.W. 69TH COURT ● MIAMI, FLORIDA 33156
TELEPHONE (305) 670-2020 ● FACSIMILE (305) 662-6164 ● www.mmlawmiami.com



257.    Denied.

258.    Denied.

259.    Denied.

260.    Denied.

261.    Admit that the Plaintiff was a non-exempt employee as were all servers.

262.    Defendant admits that Plaintiff and other servers work was an integral part of the Defendant's business.

263.    Denied.

264.    Denied.

265.    Admit.

266.    Admit.

267.    Denied.

268.    Denied.

269.    Denied.

270.    Denied.

271.    Denied.

272.    Denied.

**COUNT VIII**
**UNLAWFUL TAKING OF TIPS – 29 U.S.C. §216(b)/29 U.S.C. §203(m)**
**(TIP SHARE COLLECTIVE)**

273.    Defendant readopts and restates its answers to paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

274.    Admit that Plaintiff received tips when Plaintiff worked as a server and admit that servers customarily receive tips.

- 17 -

275. Admit.

276. Denied.

277. Denied.

278. Denied.

279. Denied.

280. Denied.

**COUNT IX**
**FED.R.CIV.P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(UNLAWFUL KICK-BACK CLASS)**

281. Defendant readopts and restates its answers to paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

282. Admit.

283.

284. Admit the Plaintiff and other servers customarily received tips when working as servers.

285. Admit.

286. Denied.

287. Denied.

288. Denied.

289. Denied.

290. Denied.

291. Admit, although irrelevant to this case.

292. Admit, although irrelevant to this case.

293. Admit, although irrelevant to this case.

- 18 -

294.    Admit, although irrelevant to this case.

295.    Admit, although irrelevant to this case.

296.    Admit that for a portion of the time the minimum wage in Florida was accurately stated; however, denied that it is an accurate statement of current Florida minimum wage.

297.    Denied.

298.    Admit that Plaintiff is attempting to bring a class action pursuant to Rule 23, however, denied on the merits.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Denied.

303.    Denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    Denied.

309.    Denied.

310.    Admit that the business records of the Defendant would provide the information referenced herein.  The remainder of the allegations are denied.

311.    Denied.

312.    Denied.

- 19 -

313.    Denied.

314.    Denied.

315.    Denied.

316.    Admit.

317.    Admit.

318.    Denied..

319.    Denied.

320.    Denied.

321.    Denied.

322.    Denied.

323.    Denied.

324.    Denied.

## COUNT X
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. §215(a)(3)

325.    Defendant readopts and restates its answers to paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.

326.    Denied.

327.    Denied.

328.    Denied.  Defendant was terminated after receiving three written warnings for excessive tardiness with such warnings being issued after a period of six months or more.

329.    Denied.

330.    Denied.

331.    Denied.

- 20 -

332. Denied.

333. Denied.

334. Denied.

335. Denied.

## DEFENSES

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.  In addition, Defendant is continuing to investigate Plaintiff's allegations; therefore, it reserves the right to amend its Answer and Defenses.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims and those of the proposed collective or class may be barred, in whole or in part, by the doctrine of release and waiver.

### THIRD DEFENSE

Plaintiff's claims and those of the proposed collective or class may be barred, in whole or in part, by the doctrine of accord and satisfaction.

### FOURTH DEFENSE

Plaintiff's claims and those of the proposed collective or class may be barred, in whole or in part, by the doctrine of estoppel.

### FIFTH DEFENSE

Plaintiff's claims and those of the proposed collective or class may be barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the

- 21 -

FLSA.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he seeks compensation for work other than compensable working time.

### SEVENTH DEFENSE

Plaintiff and any putative collective or class members have been paid all wages, wage supplements, and premiums due to them under the FLSA, in particular its provisions regarding tipped employees, for hours worked at Defendant.

### EIGHTH DEFENSE

Plaintiff's claims and those of the proposed collective  or class may be barred, in whole or in part, because Defendant's actions were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

### NINTH DEFENSE

Plaintiff's claims and those of the proposed collective or class, in whole or in part, because Plaintiff cannot establish one or more of the prerequisites necessary to pursue him FLSA claim as a collective action pursuant to 29 U.S.C § 216(b).

### TENTH DEFENSE

Plaintiff's claims and those of the proposed collective or class may be barred, in whole or in part, by the doctrines of laches and/or avoidable consequences.

### ELEVENTH DEFENSE

Plaintiff's claims and those of the proposed collective or class may be barred, in whole or in part, and/or recovery is precluded or limited because Defendant's acts or omissions, if any, were not willful within the meaning of applicable law.

- 22 -

### TWELFTH DEFENSE

Plaintiff's claims and those of the proposed collective or class may be barred, in whole or in part, and/or recovery is precluded or limited because there exists a reasonable, good faith dispute regarding the amount (if any) of wages due to Plaintiff or the members of the proposed collective or class and were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260.

### THIRTEENTH DEFENSE

Plaintiff's claims and those of the proposed collective or class may be barred, in whole or in part, by the *de minimis* doctrine.

### FOURTEENTH DEFENSE

Plaintiff's claims and those of the proposed collective or class may be barred, in whole or in part, to the extent that Plaintiff and/or any member of the collective or class have previously pursued any claim before the United States Department of Labor and/or an appropriate state agency.

### FIFTEENTH DEFENSE

Plaintiff's claims and those of the proposed collective or class may be barred, in whole or in part, by U.S. Dep't of Labor, Wage & Hour Div., Op. Ltr. FLSA 2018-27 (Nov. 8, 2018).

### SIXTEENTH DEFENSE

CDJ acted in good faith and had reasonable grounds for believing that its actions did not violate of the FLSA and any claims of willful violations or for a three-year limitations period or for liquidated damages should be dismissed.   In the alternative,

McLUSKEY, McDONALD & HUGHES, P.A.
THE BARRISTER BUILDING • 8821 S.W. 69TH COURT • MIAMI, FLORIDA 33156
TELEPHONE (305) 670-2020 • FACSIMILE (305) 662-6164 • www.mmlawmiami.com

Defendant states that the claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

### SEVENTEENTH DEFENSE

Defendant denies that the FLSA requires eighty-percent or more of work by an individual to be directed towards tipped producing work in order to utilize the tip credit. In the alternative, Defendant is not subject to liability because Plaintiff's related duties and/or side-work (including those of the proposed collective) did not exceed twenty-percent of him total time worked in a workweek.

### EIGHTEENTH DEFENSE

Defendant is not subject to liability because Plaintiff and the proposed collective or class were employed in a tipped occupation and not all of their duties need by themselves be directed toward producing tips.

### NINETEENTH DEFENSE

Defendant states that it is entitled to a set-off with respect to any monies paid to Plaintiff and the proposed collective or class for any hours when they were not performing work for Defendant.

### TWENTIETH DEFENSE

All claims are barred to the extent that they were not filed within the applicable limitations period.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because Defendant relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the

- 24 -

stated administrative practices and enforcement policies of the Department of Labor.

## TWENTY-SECOND DEFENSE

Plaintiff lacks standing to raise the claims he seeks to bring as a collective or class action.

## TWENTY-THIRD DEFENSE

The type of claims that Plaintiff seeks to bring as a collective or class action are matters over which individual issues predominate and therefore are not appropriate for collective or class treatment.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are not similar, common, or typical to those of the alleged similarly situated individuals, and there is no basis in law or fact for a collective or class action.

## TWENTY-FIFTH DEFENSE

If the lawsuit is maintained as a collective or class action, which it should not be, as to each individual who opts into the action, the applicable statute of limitations bars any claims, causes of action, and damages occurring more than two years prior to the later of (1) an order certifying this case as a collective or class action or (2) the filing of each opt-in Plaintiff's consent to join this lawsuit.

## TWENTY-SIXTH DEFENSE

Plaintiff is barred from obtaining certification of a class or collective action because any damages are unique, individualized, and nominal.

## TWENTY-SEVENTH DEFENSE

Plaintiff is barred from obtaining certification of a class or collective action

- 25 -

because a collective or class action is not the superior method of adjudicating the case and collective or class treatment does not benefit the Court or the parties. A class or collective action would result in confusion, irreconcilable conflict, lack of manageability, and prejudice to putative class members and to Defendant.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims, and those of any allegedly similarly situated individual, are barred, in whole or in part, by the doctrine of unclean hands.

### TWENTY-NINTH DEFENSE

The Final Rule, 29 CFR §531.56 (e), (f) (effective Dec. 28, 2021) are "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" under the APA.

### THIRTIETH DEFENSE

Final Rule, 29 CFR §531.56 (e), (f) (effective Dec. 28, 2021), are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under the APA.

### THIRTY-FIRST DEFENSE

The Final Rule, 29 CFR §531.56 (e), (f) (effective Dec. 28, 2021), when in effect was "contrary to constitutional right, power, privilege, or immunity" under the APA.

### THIRTY-SECOND DEFENSE

The Final Rule, 29 CFR §531.56 (e), (f) (effective Dec. 28, 2021), are unlawful under the Constitution's separation of powers.

### THIRTY-THIRD DEFENSE

- 26 -

Defendant reserves the right to seek a preliminary and permanent injunctive relief barring Defendants from enforcing, the challenged provisions of the Final Rule, 29 CFR §531.56 (e), (f) (effective Dec. 28, 2021). See *Restaurant Law Center v. US Dept. of Labor, et al*; 2023 WL 3139900 (5th Cir. April 28, 2023).

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Defenses.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests:

a.   Plaintiff's claims be stricken or dismissed with prejudice;

b.   Each and every prayer for relief in Plaintiff's Complaint be denied;

c.   Judgment be entered in favor of Defendant;

d.   All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiff under applicable law; and

e.   Defendant be granted such other and further relief as this Court deems just and appropriate.

- 27 -

**McLUSKEY, McDONALD & HUGHES, P.A.**
THE BARRISTER BUILDING ● 8821 S.W. 69TH COURT ● MIAMI, FLORIDA 33156
TELEPHONE (305) 670-2020 ● FACSIMILE (305) 662-6164 ● www.mmlawmiami.com

CASE NO. 23-cv-21065-CMA

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on May 11, 2023, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  We also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF and via email on:  Jordan Richards, Esq., USA Employment Lawyers – Jordan Richards, PLLC, 1800 SE 10th Avenue, Suite 205, Ft. Lauderdale, FL 33316 Jordan@jordanrichardspllc.com  and Andrew Obeidy, Esq., Obeidy & Associates, P.A., 2755 E. Oakland Park Blvd., Suite 225, Ft. Lauderdale, FL   33306 andrew@obdlegal.com.

/s/ *David M. McDonald.*

David M. McDonald
Florida Bar No. 613241
McLuskey, McDonald & Hughes, P.A.
Attorney for Defendant
8821 S.W. 69th Court
Miami, FL 33156
eservice@mmlawmiami.com
dmcdonald@mmlawmiami.com
aperez@mmlawmiami.com
305-670-2020 Telephone

- 28 -