UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:23-cv-21065-ALTONAGA/Damian

JONATHAN CONDE BLACKBURN, on behalf of himself
and all others similarly situated,

    Plaintiffs,

v.

CDJ OF 152ND ST MAIMI LLC d/b/a
CRAB DU JOUR, et. al.,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR CLARIFICATION OF D.E. 44**

Plaintiff, JONATHAN CONDE BLACKBURN ("Plaintiff"), by and through undersigned counsel, hereby files his Motion for Clarification of D.E. 45, as follows:

**I.    INTRODUCTION**

Plaintiff filed his Second Amended Class/Collective Action Complaint for Damages and Demand for Jury Trial ("SAC") on June 9, 2023. *See* D.E. 37. The SAC alleges eleven counts against Defendants CDJ OF 152ND ST MIAMI LLC ("CDJ"), YIHUA WENG ("Weng"), and JONATHAN PAPGNO ("Papagno") (CDJ, Weng, and Papagno, collectively "Defendants"):

| | |
|---|---|
| Count I: | Fed. R. Civ. P. 23 Class Action for Florida Minimum Wages (Tip Notice Class Against Defendant CDJ Only) |
| Count II: | Collective Action for Federal Minimum Wage Violations (Tip Notice Collective Against All Defendants) |
| Count III: | Fed. R. Civ. P. 23 Class Action for Florida Minimum Wages (80/20 Class Against Defendant CDJ Only) |
| Count IV: | Collective Action for Federal Minimum Wage Violations (80/20 Collective Against All Defendants) |
| Count V: | Fed. R. Civ. P. 23 Class Action for Florida Minimum Wages (Substantial Side Work Class Against Defendant CDJ Only) |
| Count VI: | Collective Action for Federal Minimum Wages (Substantial Side Work Collective Against All Defendants) |

|  |  |
|---|---|
| Count VII: | Fed. R. Civ. P. 23 Class Action for Florida Minimum Wage Violations (Unlawful Tip Share Class Against Defendant CDJ Only) |
| Count VIII: | Unlawful Taking of Tips – 29 U.S.C. § 216(b) / 29 U.S.C. § 203(m) (Unlawful Tip Share Collective Against All Defendants) |
| Count IX: | Fed. R. Civ. P. 23 Class Action for Florida Minimum Wage Violations (Unlawful Kick-Back Class Against Defendant CDJ Only) |
| Count X: | Unlawful Retaliation in Violation of 29 U.S.C. § 215(a)(3) (Against Defendants CDJ and Papagno) |
| Count XI: | Federal Overtime Wage Violations – 29 U.S.C. § 207 (Federal Overtime Collective Against All Defendants) |

*See* D.E. 37.

Notably, the damages sought within Counts I, II, III, IV, V, VI, VII, VIII, IX, and XI of the SAC all pertain to minimum wages, overtime wages, and tips under the FLSA and FMWA respectively. *Id.* However, the damages sought within Count X include back wages, front wages, unliquidated damages, liquidated damages, damages arising from emotional distress, pain and suffering, and loss of reputation, immediate reinstatement, or wages in lieu of reinstatement in the event that reinstatement is not feasible, and reasonable attorney's fees and costs. *See* D.E. 37, p.58.

On June 12, 2023, Defendants served their Rule 68 Offer of Judgment to Plaintiff (hereinafter "the Offer"). *See* D.E. 43-1. Within the Offer, the Defendants state that "[t]his offer is being made to address and resolve Plaintiff's claims against Defendants as alleged in the operable Complaint for **alleged unpaid minimum** and **overtime wages (and tips)** under the FLSA and for **unpaid minimum wages under the FMWA**. *Id.* at ¶2. Defendants **did not** specify which Counts of the operative Complaint were subject to the Offer, but state that "the gross amount of $5,000.00" is "for alleged overtime and minimum wages (inclusive of tips)" and "the gross amount of $5,000.00" is "for alleged liquidated damages." *Id.* at ¶3. The Offer also agrees to pay Plaintiff attorney's fees and costs as awarded by the Court. *Id.* at ¶4. The Offer is completely silent as to the damages arising from emotional distress, pain and suffering, and loss of reputation, and immediate reinstatement sought within Count X (Unlawful Retaliation) of the SAC. *See* D.E. 43-1.

On June 14, 2023, Plaintiff filed his Notice of Acceptance of Offer of Judgment ("Notice of Acceptance"). *See* D.E. 43. Within his Notice of Acceptance, Plaintiff requests that judgment

2

be entered in his favor on all counts ***except*** for Count X, and Plaintiff advised the Court that the FLSA Retaliation claim is not mooted by Plaintiff's acceptance of the Offer because the Offer is completely silent as to the FLSA Retaliation claim or any relief sought within Count X. *Id.* Moreover, the Offer does not state that it is intended to cover all claims alleged in the SAC. *See* D.E. 43-1.

On June 15, 2023, the Court entered its Order Requiring Submission of Settlement Agreement for Court Approval. *See* D.E. 44. Within its Order the Court instructed the Parties as follows:

> The parties are therefore instructed to submit by June 28, 2023, for the undersigned's review and approval, their proposed settlement, should the Plaintiff not have been offered full compensation on the FLSA claim filed. Where a settlement must be approved by the Court, the settlement becomes part of the judicial record, and therefore, may not be deemed confidential even if the parties so consent. *See, e.g., Jessup v. Luther,* 277 F.3d 926 (7th Cir. 2002) (noting that even when a settlement is entered into the court's file under seal it becomes part of the judicial record). Accordingly, the parties are not to submit their settlement agreement under seal.

D.E. 44.

The Court contemporaneously entered an Order Administratively Closing Case on June 15, 2023. D.E. 45. In its Order Administratively Closing Case the Court closed the case "without prejudice to the parties to comply with the Order Requiring Submission of Settlement Agreement for Court Approval, entered separately on this date." *Id.*

Plaintiff now moves for clarification on the following issues:

(1) Whether the Court deems Count X to have been included in the Rule 68 Offer of Judgment; and

(2) Whether the Court is requiring the Parties to enter into a settlement agreement notwithstanding the Plaintiff's acceptance of the Rule 68 Offer of Judgment and filing of same on the record.

Plaintiff respectfully submits that the Defendants' Rule 68 Offer of Judgment does not moot Count X because it specifically limited the relief offered to minimum wages, overtime wages, and tips, and is otherwise silent as to the relief sought in Count X and did not mention the Retaliation claim in any conceivable way within the four corners of the Offer. *See* D.E. 43-1. Moreover, Plaintiff respectfully submits that a settlement agreement is not required when the

3

Plaintiff has accepted a Rule 68 Offer of Judgment that provides full payment of back wages under the FLSA plus liquidated damages in connection with those back wages. Plaintiff has publicly filed the Offer of Judgment and the Statement of Claim on the record demonstrates that full relief for back wages and liquidated damages has been afforded, with the Court to separately award attorney's fees and costs. Accordingly, Plaintiff's Notice of Acceptance comports with *Lynn's Food Stores, Inc. v. United States* as it pertains to the recovery of back wages. Prior to the filing of this Motion, this Parties conferred, and Defendants oppose the relief sought herein.

## II. MEMORANDUM OF LAW

### a. Motion for Clarification

While there is no Federal Rule of Civil Procedure specifically governing "motions for clarification," federal courts frequently will rule on a motion for clarification without resort to the federal rule standards." *See, e.g., United States v. Phillip Morris USA Inc.,* 793 F.Supp.2d 164, 168 (D.D.C. 2011); *see, also, Knighten v. Palisades Collections, LLC,* 2011 WL 835783 (S.D. Fla. 2011) (granting motion to clarify). "Federal courts permit parties to tender motions that beseech the court "to explain or clarify something ambiguous or vague" about a ruling. *See, e.g., Alliance of Artists and Recording Companies, Inc. v. General Motors Co.,* 306 F.Supp.3d 413 (D.D.C. 2016). Courts encourage parties to file motions for clarification when they are uncertain about the scope of a ruling. *Id. citing U.S. v. Volvo Powertrain Corp.,* 758 F.3d 330, 344 (D.D.C. 2014).

### b. Fed. R. Civ. P. 68

Pursuant to Fed. R. Civ. P. 68(a), "at least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued… If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service… The clerk must then enter judgment." *See* Fed. R. Civ. P. 68(a); *see, also, Menchise v. Akerman Senterfitt,* 532 F.3d 1146, 1152-53 (11th Cir. 2008) ("An offer of judgment, as contemplated by Rule 68, requires that a judgment be entered in favor of the offeree"); *Perkins v. U.S. W. Comms.,* 138 F.3d 336, 338 (8th Cir. 1998) ("Rule 68 leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted"). The United States Supreme Court has explained that "the plain purpose of Rule 68 is to encourage settlement and avoid litigation." *See, e.g., Utility Automation 2000, Inc. v. Choctawhatchee Elec. Cooperative, Inc., et. al.,* 298 F.3d 1238, 1240 (11th Cir. 2009) *citing Marek*

4

*v. Estate of Chesny,* 473 U.S. 1, 5 (1985). "The rule accomplishes this objective with a two-part approach." *Id.* "First, Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment… Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse." *Id.*

However, in *Webb v. James,* 147 F.3d 617 (7th Cir. 1998), the Seventh Circuit addressed situations where Defendants are silent on certain terms within an offer of judgment. *Id.* There, the court explained that "Defendants should bear the burden of the ambiguity created by their silence […]" *Id.* at 623. The court further explained that because Rule 68 puts plaintiffs at their peril whether or not they accept the offer, the defendant must be clear with its terms. *Id.* The Eleventh Circuit recognized this rationale in *Utility Automation 2000, Inc.,* 298 F.3d at 1243 ("*Webb* therefore stands for the proposition that where an offer is ambiguous… that ambiguity will be construed against the drafter… Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror"). Moreover, the Eleventh Circuit explained that "a Rule 68 offeree is at the mercy of the offeror's choice of language and willingness to confirm it to the understanding of both parties." *Id.* "When confronted with situations… where defendant has made a Rule 68 Offer of Judgment… courts regularly compare the offer with the plaintiff's complaint and supporting documents to determine whether the offer would indeed provide complete relief." *See, e.g., Silva, et. al. v. Tegrity Personnel Services, Inc., et. al.* 986 F.Supp.2d 826 (S.D. Tex. 2013) *citing Ward v. Bank of New York,* 455 F.Supp.2d 262, 268-70 (S.D.N.Y. 2006); *Reyes v. Carnival Corp.,* 2005 WL 4891058 at *3 (S.D. Fla. 2005); *Reed v. TJX Companies, Inc.,* 2004 WL 2415055 at *2 (N.D. Ill. 2004).

      i.    **Defendants' Offer of Judgment Fails to Address the FLSA Retaliation Claim in Any Conceivable Way**

The Offer served by the Defendants **does not** state it is intended to resolve all claims alleged in the SAC. *See* D.E. 43-1. In fact, the Offer limits its scope and specifically states that it is only intended to cover: (i) minimum wages; (ii) overtime wages; and (iii) tips under the FLSA and FMWA. *See* D.E. 43-1. Because the Offer is completely silent as to the FLSA Retaliation claim, and the remedies sought within Count X, this omission must be interpreted against the drafter or offeror. *See Utility Automation 2000, Inc.,* 298 F.3d at 1243.

In *Higueros v. New York State Catholic Health Plan, Inc.,* 526 F.Supp.2d 342 (E.D.N.Y. 2007), the Court addressed a situation very similar to the present case. *Id.* There, the plaintiff

asserted claims against defendant for unpaid overtime wages and unlawful retaliation. *Id.* The defendant served Plaintiff with a Rule 68 Offer of Judgment that addressed only the unpaid overtime wages. *Id.* The Court ultimately held the following:

> However, as explained above, the plaintiff has stated a retaliation claim pursuant to N.Y. LAB. LAW § 215 and it is not known whether plaintiff's potential total recovery, inclusive of both her lost overtime claims and retaliation claims, would exceed the amount that the defendant has offered. Thus, as plaintiff's claim for retaliation pursuant to New York law remains outstanding **and was not included in the defendant's offer**, the plaintiff continues to have a personal stake in the outcome of this action and her claims are not moot. *See Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,* 242 F.Supp.2d 273, 278 (S.D.N.Y. 2002) (declining to find plaintiff's cause moot where the defendant's offer of judgment did not cover all plaintiff's claims for damages); *Weissman v. ABC Fin. Servs.,* 203 F.R.D. 81, 83 (E.D.N.Y. 2001).

*Higueros,* 526 F.Supp.2d at 349.

Here, Plaintiff was left with two options: (1) accept the Offer as drafted; or (2) continue to pursue his claims knowing that his individual unpaid wage claim would never exceed the $10,000.00 he was offered. *See* D.E. 5 (Plaintiff's Statement of Claim seeking a total of $1,623.12 plus fees and costs). There is no conceivable way Plaintiff could read the Offer and believe it was intended to cover the Retaliation claim alleged in the SAC. Indeed, the remedies sought for the FLSA Retaliation claim are not minimum wages, overtime wages, or tips. *See* D.E. 37. Defendants *could have* specified the terms of their Offer as it applies to the specific counts within the SAC. They did not. Plaintiff still has a personal stake in the FLSA Retaliation claim because it was not included in the Offer and the case should therefore be reopened. *Higueros,* 526 F.Supp.2d at 349.

        **ii.**       **The Court Should Re-Open the Case Because the Offer of Judgment Does Not Moot All Claims Alleged in the SAC**

Because the Rule 68 Offer of Judgment does not moot the FLSA Retaliation claim alleged within the SAC, Plaintiff respectfully requests that the Court re-open the case. *See Fairley v. Knights' Marine and Industrial Services, Inc.,* 2015 WL 13960705 at * (S.D. Miss. 2015) ("the offer of judgment included damages for unpaid overtime, but excluded damages for FLSA retaliation, a claim that the plaintiff had alleged pursuant to Section 215(a)(3)… This offer did not moot the plaintiff's FLSA claims") *citing Silva*, 986 F.Supp.2d at 839-40. Plaintiff noticed depositions of the Defendants to occur this upcoming Friday June 23, 2023, and notices were

served weeks ago. In light of the Court's administrative closure of the case, there is uncertainty as to whether the Defendants are required to attend the depositions or whether these depositions must be rescheduled. Moreover, in light of D.E. 44, the assigned mediator has contacted the Parties to inquire as to whether this case is fully closed and if mediation will still need to occur on August 18, 2023. *See* D.E. 32. The Court's clarification of these issues will assist the Parties with scheduling matters.

      c. **Court Review of Defendants' Rule 68 Offer of Judgment in the Context of *Lynn's Food Stores, Inc. v. United States* Does Not Require the Submission of a Settlement Agreement**

Where there is no settlement between parties in an FLSA case, but an offer of judgment has been accepted by the Plaintiff, the Court "has an independent duty to review the terms of the proposed Rule 68 offer of judgment in the context of FLSA claims." *See, e.g., Christopher, et. al. v. Residential Realty Services, Corp.,* 2019 WL 11506012 at *2 (S.D. Fla. 2019) (Valle, M.J.) *citing Doherty v. Good Shepherd Day Sch., Inc.,* 2019 WL 2177857 at *2 (M.D. Fla. 2019) (confirming that courts must determine whether the Rule 68 offer of judgment is a fair and reasonable resolution of a bona fide dispute of the claims raised pursuant to *Lynn's Food Stores*). The "acceptance of a Rule 68 offer of judgment does not relieve the Court of its duty to determine whether the settlement is a fair and reasonable resolution of a bona fide dispute as required by *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982)." *See Scippio v. Peopleready, Florida, Inc.,* 2018 WL 4964636, at *2 (M.D. Fla. 2018). However, there is no need for judicial scrutiny where a defendant presents a plaintiff with an offer of full relief of unpaid back wages. *See, e.g., Pena v. Magaya Corp.,* 2015 WL 3791732, at *3 (S.D. Fla. 2015); *Scippio,* 2018 WL 4964636 at *2.

Here, in light of Plaintiff's acceptance of the Offer of Judgment, the Court has ordered the Parties to enter into a settlement agreement and provide a copy of the settlement agreement on the record by no later than June 28, 2023. *See* D.E. 44. Most respectfully, the Plaintiff's acceptance of Defendants' Rule 68 Offer of Judgment only requires the Court to review the terms of the Rule 68 Offer of Judgment. The Rule 68 Offer of Judgment did not require Plaintiff to agree to any non-monetary terms that may be included in a written settlement agreement. *See* D.E. 43-1. The Offer of Judgment provides Plaintiff $5,000.00 in unpaid minimum and overtime wages, and tips, and an additional $5,000.00 in liquidated damages. *See* D.E. 43-1. In total, Defendants have offered

(and Plaintiff has accepted) $10,000.00 to resolve the claims for back wages and tips. *Id.* The Plaintiff's Statement of Claim sought $1,623.12 in total back wages and liquidated damages. Accordingly, Plaintiff has been paid his full minimum wages, overtime wages, and tips, and no further Court review is necessary because Plaintiff has not compromised his claim for back wages under the FLSA and FMWA.[1] *See Pena,* 2015 WL 3791732, at *3; *Scippio,* 2018 WL 4964636 at *2*. Because the Court does not need to approve the terms of the Rule 68 Offer of Judgment, the clerk, most respectfully, should enter judgment in favor of Plaintiff and against Defendants as to Counts I, II, III, IV, V, VI, VII, VIII, IX, and XI. However, Count X remains pending, and the case should proceed forward because the Court still has subject matter jurisdiction over that claim.

### III.  CONCLUSION

WHEREFORE, Plaintiff, JONATHAN CONDE BLACKBURN, respectfully requests that the Court enter an Order: (a) granting this Motion for Clarification of D.E. 44; (b) re-opening this case for Plaintiff to proceed forward with Count X for FLSA Retaliation; and (c) requiring the Clerk to enter judgment in favor of Plaintiff, JONATHAN CONDE BLACKBURN, and against Defendants, CDJ OF 152ND ST MIAMI, LLC, YIHUA WENG, and JONATHAN PAPGNO, as to Counts I, II, III, IV, V, VI, VII, VIII, IX, and XI of the Plaintiff's operative Complaint.

### CERTIFICATE OF CONFERRAL

Pursuant to S.D. Fla. L.R. 7.1(a)(3), prior to the filing of the instant motion the parties conferred regarding the relief sought here and Defendants oppose the relief sought in this Motion.

**Dated this 21st of June 2023.**

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC** | **OBEIDY & ASSOCIATES, P.A.** |
| 1800 SE 10th Ave, Suite 205 | 2755 E. Oakland Park Blvd. Suite 225 |
| Fort Lauderdale, Florida 33316 | Fort Lauderdale, Florida 33306 |
| Ph: (954) 871-0050 | Ph: (305) 892-5454 |
| | Fax: (954) 206-6955 |
| *Co-Counsel for Plaintiff* | *Co-Counsel for Plaintiff* |
| By: */s/ Jordan Richards* | By: */s/ Andrew Obeidy* |
| JORDAN RICHARDS, ESQUIRE | ANDREW OBEIDY, ESQUIRE |
| Florida Bar No. 108372 | Florida Bar No. 910341 |
| jordan@jordanrichardspllc.com | andrew@obdlegal.com |

---

[1] Defendants ostensibly offered Plaintiff such a substantial amount to entice Plaintiff to accept this offer and abandon the class claims in this case. These class claims exposed Defendants to significantly more risk of liability than Plaintiff's individual claim for back wages and tips.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 21st of June 2023.

By: /s/ *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST

**LOWELL J. KUVIN, ESQ.**
Florida bar No. 53072
LAW OFFICE OF LOWELL J. KUVIN, LLC
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel: (305) 358-6800
*Co-counsel for Defendants*

**BRIAN H. POLLOCK, ESQUIRE**
Florida Bar No. 174742
FAIRLAW FIRM
135 San Lorenzo Ave.
Suite 770
Coral Gables, Florida 33146
Tel: (305) 230-4884
*Co-counsel for Defendants*