**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 1:23-cv-21065-ALTONAGA/Damian**

JONATHAN CONDE BLACKBURN, on behalf of
himself and all others similarly situated,

    Plaintiff(s),
v.

CDJ OF 152ND ST MIAMI LLC d/b/a
CRAB DU JOUR, et. al.,

    Defendants.
_____/

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND REQUEST FOR ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiff, JONATHAN CONDE BLACKBURN ("Plaintiff" or "Conde Blackburn"), and Defendants, CDJ OF 152ND ST MIAMI LLC d/b/a CRAB DU JOUR ("Crab Du Jour"), YIHUA WENG ("Weng"), and JONATHAN PAPAGNO ("Papagno") (collectively "Defendants") (Plaintiff and Defendants collectively "the Parties") by and through undersigned counsel, hereby file this Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice, as follows:

**I.    FACTUAL BACKGROUND**

Defendants own and operate the Crab Du Jour restaurant located at 12075 SW 152nd Street in Miami, Florida *See* D.E. 1. Plaintiff, Conde Blackburn, is a former Server who was employed by Defendants from approximately April 2022, through January 19, 2023. *See* D.E. 37. Plaintiff filed a Class/Collective Action Complaint for Damages and Demand for Jury Trial on March 20, 2023. *See* D.E. 1. On June 9, 2023, Plaintiff filed his Second Amended Class/Collective Action Complaint for Damages and Demand for Jury Trial against Defendants (hereinafter "the Lawsuit"). *See* D.E. 37. The Lawsuit alleges that Defendants violated the federal minimum and overtime wage provisions of the Fair Labor Standards Act ("FLSA"), the state minimum wage provisions of the Florida Minimum Wage Act ("FMWA"), and the anti-retaliation provisions of the FLSA. *See* D.E. 37. Plaintiff's unpaid wage and hour claims were predicated upon: (a) Defendants' alleged failure

1

to provide Servers sufficient notice of a tip credit under state and federal law; (b) Defendants' alleged requirement that Servers spend more than twenty percent (20%) of their shifts on non-tipped worked; (c) Defendants' alleged requirement that Servers spend more than thirty (30) continuous minutes on non-tipped work; and (d) Defendants' alleged failure to pay Servers proper federal overtime wages for time worked in excess of forty (40) hours per week. *Id.*

On March 30, 2023, Plaintiff filed his Preliminary Statement of Claim. *See* D.E. 5. The Preliminary Statement of Claim sought to recover $811.56 in unpaid wages for Conde Blackburn, individually, and an additional $811.56 in liquidated damages. *See* D.E. 5. The Preliminary Statement of Claim also sought to recover $66,591.00 in Florida minimum wages on behalf of a Rule 23 class of similarly situated Servers and an additional $66,591.00 in liquidated damages. *Id.*

On June 12, 2023, the Defendants tendered an Offer of Judgment to Plaintiff, individually, pursuant to Fed. R. Civ. P. 68 in the amount of $10,000.00. *See* D.E. 43-1. According to the Offer of Judgment, this amount represented $5,000.00 in unpaid wages and $5,000.00 in liquidated damages to "address and resolve Plaintiff's claims against Defendants as alleged in the operable Complaint for alleged unpaid minimum and overtime wages (and tips) under the FLSA and for unpaid minimum wages under the FMWA." *See* D.E. 43-1, ¶2. The Offer of Judgment also agrees to pay Plaintiff the amount awarded by the Court for attorney's fees and costs. *See* 43-1, ¶4.

On June 14, 2023, Plaintiff filed his Notice of Acceptance of Offer of Judgment (hereinafter "Notice of Acceptance"). *See* D.E. 43. Plaintiff's Notice of Acceptance advised that he was accepting the Offer of Judgment for the unpaid wage claims but that his claim for retaliation against the Defendants was still pending because it was not addressed and expressly omitted from the Rule 68 Offer of Judgment. *Id.* The Court administratively closed the case after Plaintiff filed his Notice of Acceptance. *See* D.E. 45. On June 21, 2023, Plaintiff filed a Motion for Clarification of D.E. 45 in light of the fact that the FLSA retaliation claim was still pending. *See* D.E. 46. The Court entered an Order setting a hearing on June 26, 2023, to address this issue. *See* D.E. 47. The Parties were able to resolve the outstanding FLSA retaliation claim prior to the Court's June 26, 2023, hearing. *See* D.E. 48.

The Parties have now entered into a written settlement agreement – a copy of which is attached as **Exhibit A**. Under the terms of the settlement, the Plaintiff will receive **$12,500.00** - more than ten (10) times what he claimed to be owed in unpaid wages and liquidated damages under state and federal law. *Id.; see, also,* D.E. 4. This amount includes the $10,000.00 proposed

in the Rule 68 Offer of Judgment ($5,000.00 in unpaid wages, and $5,000.00 in liquidated damages), and an additional $2,500.00 in consideration to resolve the FLSA retaliation claim. The Parties have agreed to allow the Court to determine the amount of attorney's fees and costs awarded to Plaintiff's counsel. *See* **Ex. A**. The settlement reached in this case provides Plaintiff with an outstanding recovery that does not sacrifice any portion of his alleged unpaid wages or liquidated damages. In light of the fact that the Court will separately determine the amount of attorney's fees and costs, the Plaintiff will not be surrendering any portion of this recovery for any attorney's fees and costs. A full accounting of the reasonable hourly rates and hours billed will be provided to the Court for review if the Parties are unable to separately resolve the outstanding issue of attorney's fees and costs after engaging in the conferral requirements set forth by the local rules. Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice, and to reserve jurisdiction to adjudicate attorney's fees and costs awarded to Plaintiff's counsel.

## II. SUMMARY OF THE SETTLEMENT TERMS

The Parties have submitted the fully executed Settlement Agreement and Mutual General Release.[1] *See* Exhibit A. Defendants have agreed to pay Plaintiff a total settlement amount of Twelve Thousand Five Hundred Dollars ($12,500.00) exclusive of any attorney's fees and costs that will later be awarded by the Court. *Id.* The Parties will attempt to separately negotiate reasonable attorney's fees prior to involving the Court on the issue. *See* **Ex. A**. In the event the Parties are unsuccessful in resolving the issue of attorney's fees and costs, the Parties will follow the procedures set forth within the Southern District of Florida Local Rules prior to bringing any matter concerning attorney's fees and costs before the Court.

## III. MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two

---

[1] While the document is entitled Confidential Settlement Agreement and Mutual General Release, the Parties are publicly filing a copy of the agreement on the docket as required by the Court. *See* D.E. 44.

ways in which FLSA claims can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may dismiss an FLSA case after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc., 679 F.2d at 1353-55; *see also* Pharr v. Highway Specialties, Inc., 2019 WL 131162853, at *1 (N.D. Fla. May 13, 2019); *see also* Perez v. PJ'S Land Clearing & Excavating, Inc., 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage, exemption or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353. However, where a plaintiff is offered full compensation on his or her FLSA claim, no compromise is involved and judicial approval is not required. *See* Mackenzie v. Kindred Hsp. E., LLC, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003).

Here, the Plaintiff has recovered more than what he claims to be owed, and there is no compromise as to the amount of unpaid wages and liquidated damages sought by Plaintiff, individually. *See* **Ex. A**. Accordingly, court approval is not required. However, in the abundance of caution, the Parties respectfully submit the executed settlement agreement and contend that resolution of the wage claims in this case is fair and reasonable. Without admitting any liability as to the alleged wage violations, Defendants have agreed to pay the amounts set forth within the agreement. *See* **Ex. A.**

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. Plaintiff is being paid more than the wages and liquidated damages he alleges he is owed. In addition, the attorney's fees and costs payable to Plaintiff's counsel do not create any conflict with the resolution of the FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in Lynn's Food Stores, Inc., 679 F.2d at 1353, because the Court will address the issue of attorney's fees and costs

separately (if necessary). Therefore, the Settlement Agreement represents a fair and reasonable resolution of this matter.

## IV. CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their dispute concerning FLSA wages, and request that this Honorable Court approve the Settlement Agreement, enter an Order dismissing all claims with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement and adjudication of attorney's fees and costs for a period of at least ninety (90) days.

### CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), prior to filing the instant motion, the Parties conferred and jointly seek the relief sought herein.

**Dated this 10th day of July 2023.**

Respectfully Submitted,

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC**<br>1800 SE 10th Ave, Suite 205<br>Fort Lauderdale, Florida 33316<br>Ph: (954) 871-0050<br>*Co-Counsel for Plaintiff*<br><br>By: */s/ Jordan Richards*<br>JORDAN RICHARDS, ESQUIRE<br>Florida Bar No. 108372<br>jordan@jordanrichardspllc.com | **OBEIDY & ASSOCIATES, P.A.**<br>2755 E. Oakland Park Blvd. Suite 225<br>Fort Lauderdale, Florida 33306<br>Ph: (305) 892-5454<br>Fax: (954) 206-6955<br>*Co-Counsel for Plaintiff*<br><br>By: */s/ Andrew Obeidy*<br>ANDREW OBEIDY, ESQUIRE<br>Florida Bar No. 910341<br>andrew@obdlegal.com |
| **LAW OFFICE OF LOWELL J. KUVIN, LLC**<br>17 East Flagler Street, Suite 223<br>Miami, Florida 33131<br>Ph: (305) 358-6800<br>*Co-Counsel for Defendants*<br><br>By: */s/ Lowell J. Kuvin, Esq.*<br>LOWELL J. KUVIN, ESQUIRE<br>Florida Bar No. 53072<br>lowell@kuvin.law | **FAIRLAW FIRM**<br>135 San Lorenzo Ave., Suite 770<br>Coral Gables, Florida 33146<br>Ph: (305) 230-4884<br>*Co-Counsel for Defendants*<br><br>By: */s/ Brian H. Pollock, Esq.*<br>BRIAN H. POLLOCK, ESQUIRE<br>Florida Bar No. 174742<br>brian@fairlawattorney.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 10th of July 2023.

By: /s/ *Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST

**LOWELL J. KUVIN, ESQ.**
Florida bar No. 53072
LAW OFFICE OF LOWELL J. KUVIN, LLC
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel: (305) 358-6800
*Co-counsel for Defendants*

**BRIAN H. POLLOCK, ESQUIRE**
Florida Bar No. 174742
FAIRLAW FIRM
135 San Lorenzo Ave.
Suite 770
Coral Gables, Florida 33146
Tel: (305) 230-4884
*Co-counsel for Defendants*