# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND MUTUAL GENERAL RELEASE

This Settlement Agreement (hereinafter "Agreement") is hereby entered into between Plaintiff, Jonathan Conde Blackburn, and all of his agents, successors, representatives, heirs, insurers, and assigns (referred to as "Plaintiff"), and Defendants, CDJ of 152nd Street Miami LLC, along with its parents, predecessors, successors, subsidiaries, affiliates, related entities, divisions, agents, and assigns, and all of its and their past and present owners, officers, directors, shareholders, franchisees, members, consultants, agents, insurers, attorneys, agents and assigns, Yihua Wang, and Jonathan Papagno (who are collectively referred to as "Employers") for good and valuable consideration, receipt of which is hereby acknowledged, and to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows. This Agreement shall be effective upon the Parties execution of the Agreement, the expiration of the period required by the OWBPA, and Court approval. The Plaintiff and the Employers shall be jointly referred to as the "Parties."

## Recitals

**WHEREAS**, Plaintiff was employed by the Employers; and

**WHEREAS**, Plaintiff is seeking damages against the Employers under the Fair Labor Standards Act for alleged unpaid wages, in the case styled *Jonathan Conde vs. CDJ of 152nd Street Miami LLC d/b/a Crab Du Jour, Yihua Wang, and Jonathan Papagno,* S.D. Fla. Case No.: 1:23-CV-21065-ALTONAGA/Damian, currently pending in the United States District Court for the Southern District of Florida ("the Litigation");

**WHEREAS**, the Employers deny all allegations and dispute all claims raised by Plaintiff;

**WHEREAS**, Plaintiff and the Employers desire to compromise, finally settle, and fully release any and all claims Plaintiff has or may have against the Employers from the beginning of the world to the execution of this Agreement, including those which he raised or could have raised in the Litigation, and all claims Employers had and may have against Plaintiff that were raised and could have been raised in the Litigation and from the beginning of the world to the execution of the Agreement; and

**NOW, THEREFORE**, in consideration of the mutual promises and covenants between the Parties, the sufficiency of which is hereby acknowledged, Plaintiff and the Employers hereby agree to the following Terms and Conditions:

## Terms and Conditions

**1.** All of the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

**2.** Upon the Parties' execution of this Agreement, pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties agree to file a Joint Motion for Approval and Proposed Order jointly requesting that the Court approve this Agreement and enter an order dismissing the Litigation with prejudice while retaining jurisdiction to determine

the fees and costs to be awarded to Plaintiff and to enforce the terms of this Agreement. Nothing in this Agreement should be construed from prohibiting either Party from filing this Agreement as an Exhibit and/or on CM/EC and/or on public docket in the event that either Party moves to enforce the terms of this Agreement and/or for collection.

**4.** In consideration for Plaintiff's execution of this Agreement and in consideration of the mutual promises exchanged herein, and no later than 10 business days after the later of the receipt by counsel for Employers of a fully executed W-9 for Plaintiff' counsel, the expiration of the time period(s) established by the OWBPA, and the Court's approval of this Settlement Agreement and dismissal of this case, Employers shall pay the gross sum of Twelve Thousand Five Hundred Dollars and 00/100 Cents ($12,500.00) (the "Settlement Funds"), and shall deliver to Plaintiff's firm, USA Employment Lawyers, 1800 SE 10th Ave. Suite 205, Fort Lauderdale, Florida 33316, as follows:

  a.  To "Jonathan Conde Blackburn" one check in the gross amount of Six Thousand Two Hundred Fifty Dollars and 00/100 Cents ($6,250.00), minus applicable taxes and withholdings, so that it is received within 10 business days of the Court's approval of the settlement and/or dismissal of this case for which an IRS Form W-2 shall issue to him;

  b.  To "Jonathan Conde Blackburn" one check in the gross amount of Six Thousand Two Hundred Fifty Dollars and 00/100 Cents ($6,250.00), so that it is received within 10 business days of the Court's approval of the settlement and/or dismissal of this case for which an IRS Form 1099 will issue to him; and

  c.  Employers agree that Plaintiff is the prevailing party and entitled to recover his reasonable attorneys' fees and costs from them in an amount to be determined by the Court.

Plaintiff shall provide the Employers with fully executed IRS Forms W-4 and W-9 as a condition precedent to any payment due. So long as the total Settlement Funds are satisfied, any named Employer may be the issuer of the Settlement Funds.

**5. Payment Default**. Should Defendants fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Brian H. Pollock, Esq., at brian@fairlawattorney.com. If Defendants fail to cure said payment breach within five (5) business days of receiving written notification via e-mail, then Plaintiff shall be entitled to obtain a default final judgment against Defendants for all amounts due and owing under this Agreement, minus all payments made.

**6. Indemnification**. Plaintiff understands that Defendants shall issue an IRS Form 1099 for certain specified portions of the payments identified in Section 2 of this Agreement that are not subject to withholdings. Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies paid as 1099 compensation under this Agreement and to report and pay all related taxes or impositions as to all monies paid as 1099 compensation under this Agreement to Plaintiff. Plaintiff shall indemnify and hold Employers harmless of, from, and against Plaintiff's share of any and all claims, damages, losses, liabilities, or obligations asserted, or

Doc ID: f499670a73888b2f...

imposed and/or threatened against Employers by any person or entity relating, directly or indirectly, to the monies paid hereunder as 1099 compensation under this Agreement, including, without limitation, Plaintiff, the IRS, or any other person/entity.

**7. Attorneys Not Tax Experts.** The Parties acknowledge that the attorneys involved in this Settlement Agreement or the Litigation do not claim to be experts in tax matters. The Parties further acknowledge and agree that they have neither received nor relied on any tax advice or information from any attorney involved in negotiating this Settlement Agreement or the Litigation.

**8. No Undue Influence.** The Parties agree and acknowledge that there has been no undue influence, overreaching, collusion, or intimidation in reaching the settlement described herein and that the settlement was reached voluntarily and after full consultation with the Parties' respective counsel.

8. **Consultation With Counsel.** The Parties have consulted with an attorney of his/their choosing before executing this Agreement about the terms and conditions of this Agreement.

9. **Full General Releases.** In consideration for the promises contained in this Agreement, the Plaintiff unconditionally releases and discharges the Employers from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either he now owns or holds, or has owned or held against each other, including, but not limited to, any and all claims, demands, liabilities, causes of action, all claims that were or could have been raised in the Litigation, and all incurred attorney's fees and costs, which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of Plaintiff's employment with the Employers, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to either Party resulting from any act or omission by or on the part of the other committed before the date of this Agreement, except for the reasonably attorneys' fees and costs to be awarded to him by the Court, which shall remain pending and not adversely affected by this Agreement.

   A. Plaintiff generally releases, satisfies, and forever discharges the Employers of and from all actions, claims, and demands, both known and unknown, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §201,*et. seq.*, which Plaintiff ever had, now has or may have against the Employers. Employers also so release the Plaintiff and forever discharge him according to the same terms and with respect to Plaintiff's employment with Employers.

   B. Plaintiff represents that, with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute under the Fair Labor Standards Act but he is also waiving his right to recover money or other relief in any action that might be brought on their behalf by any other person or entity, including the U.S. Department of Labor ("DOL").

    C. Plaintiff knowingly and voluntarily waives, releases, and discharges the Employers from any and all claims, known and unknown, that he has and may have against the Employers up to the date of execution of this Agreement. This release is comprehensive and includes any claim that Plaintiff could assert against the Employers based upon acts or omissions that occurred or that could be alleged to have occurred before the execution of this Agreement. This release is intended to be as comprehensive as can be conceived and as the law will allow, and includes but is not limited to claims raised or that could have been raised in the Litigation and claims based on, among other things: negligent or intentional tortious conduct; express or implied contract; covenants of fair dealing and good faith; wrongful discharge; the Family and Medical Leave Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act; the Employee Retirement Income Security Act of 1974; the Americans with Disabilities Act of 1990; the Worker Adjustment Retraining and Notification Act; the Age Discrimination in Employment Act, the Florida Civil Rights Act; Florida's Whistleblower Act; any other federal or state common law or federal, state or local laws, ordinances, or regulations; any other public policy, contract, tort or common law theory; or any statutory or common law principle allowing for the recovery of fees or other expenses, including claims to attorneys' fees.  This release does not apply to any claims that cannot be released as a matter of law, such as those that arise after the date Plaintiff executes this Agreement or claims for ERISA plan benefits or administrative charges of discrimination (although Plaintiff releases any right to monetary recovery in connection with such a charge).

    D. If any claim is not subject to release, to the extent permitted by law, the Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any of the Employers and/or Plaintiff is a party.

    E. Plaintiff understands this Agreement is a binding contract and that Plaintiff has twenty-one (21) days to review this Agreement and decide whether to sign it and that, after signed, Plaintiff has a period of seven (7) days to revoke it.

Each party understands that this provision means that the parties are releasing each other, and may not bring claims against each other, other than as set forth herein.

This Agreement shall affect the release of all claims that were, or could have been, asserted by Plaintiff against the Employers, including in the Litigation.

10. **Affirmations.** Plaintiff affirms that, except for the Litigation, he has not filed with any governmental agency or court any type of action against the other and understands and agrees that if any action was or is brought by a third party with regard to the claims and causes of action

Doc ID: [illegible hash]

released in this Agreement, including by the Department of Labor, Wage and Hour Division, he will accept any payments or monetary relief relating to any such claims or causes of action. The Parties understand and agree that if any action was or is brought by a third party with regard to the claims and causes of action released in this Agreement, Plaintiff will not accept any payments or monetary relief relating to any such claims or causes of action.

      11. **Strict Confidentiality.** The Plaintiff agrees that, unless he is compelled to do so by law, he will not disclose to any other person any information regarding the existence or substance of this Agreement, except that he may discuss the terms of this Agreement with his tax advisor, or an attorney with whom he chooses to consult regarding his consideration of this Agreement. This agreement may be disclosed (1) as necessary in any action relating to a breach of this agreement; (2) for enforcement of this Agreement; (3) to counsel for the Parties; (4) to the Parties' respective Accountant(s); (5) for reporting to Taxing authorities; (6) the Parties' respective spouse(s); and/or (7) when otherwise required by law, provided that each such individual agrees to keep the disclosed information strictly confidential and to not disclose it to any other person. The Parties further affirm that they have not made any prior disclosures relating to this Agreement or the negotiations leading up to it that, if made after signing this Agreement, would have violated this obligation of confidentiality.

      Plaintiff further agrees that he will not initiate or participate in any discussion or communication concerning or relating to his employment with the Employers, the termination of that employment, and/or the Litigation. Plaintiff shall disclose, communicate, make public, or publicize in any manner any problems, issues, or concerns he perceive he may have had with the Employers or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Employers. Such communication includes all social media, including, but not limited to, Facebook, blogs, Twitter, Instagram, LinkedIn, YouTube, Vine, SnapChat, TikTok, and/or similar social media platforms or advertising material. Plaintiff acknowledges and agrees that this prohibition extends to statements, written or oral, made to anyone, including, but not limited to, the news media, social media, any board of directors or advisory board of directors, competitors, strategic partners, and vendors. Plaintiff shall not interfere with Employers' relationship with or endeavor to entice away from the Employers any person who was or is an employee of Employers. The Parties understand and agree that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that the other would be irreparably harmed by a violation of this provision.

      12. **Non-Disparagement.** If, and only if, another person asks Plaintiff, Yihua Wang, or Jonathan Papagno about the Litigation and/or Plaintiff's claims against the Employers, the response shall be limited to the following statement: "The matter has been resolved." In addition, Plaintiff, Yihua Wang, and Jonathan Papagno agree not to disparage or say or write negative things about the Plaintiff, Employers, or their counsel. Plaintiff and Yihua Wang understand that the confidentiality of this Agreement and this non-disparagement provision are important parts of the consideration the Parties are giving to one another in this Agreement.

      13. **Neutral Employment Reference.** In response to any inquiry regarding Plaintiff's employment with the Employers, and provided that the request is directed to Yihua

Doc ID: f499670a73888b2f...

Wang or Jonathan Papagno, the Employers agree to provide a neutral reference regarding Plaintiff's employment by confirming his dates of work, position held, and rate(s) of pay.

14. **Breach.** If a Party proves that another Party violated the confidentiality and/or non-disparagement or non-incitement provisions of this Agreement, then Party or Parties who did not violate such provision(s) shall be entitled to injunctive relief in addition to liquidated damages in an amount not to exceed the amount paid to Plaintiff in Paragraph 3, above. This amount is not a penalty but is a negotiated amount between the Parties due to the inability of any party to accurately identify or prove the harm that could or would result from such a breach to Plaintiff, Employers and their business. Notwithstanding the foregoing, the Parties understand that they retain the right to communicate with any federal, state, or local government agency, including but not limited to the EEOC, NLRB, DOL, DOJ, SEC and FCHR, and that this communication can be initiated by them or can be in response to the government's inquiry to them. The Parties acknowledge that nothing in this paragraph prohibits them from testifying truthfully in court, during any legal proceeding, during any government or regulatory investigation, or from cooperating with or making truthful disclosures to any government agency. Employers agree that if contacted by any prospective employer or other Party regarding Plaintiff for purposes of any employment reference, Employers shall only provide a neutral reference and shall only state the dates of employment, position held, and his rate(s) of pay.

15. **No Re-Employment.** As further consideration for the payments described above, Plaintiff agrees that, because of circumstances unique to him (including his irreconcilable differences with the Employers), he is not qualified for re-employment with the Employers now or in the future and promises that he will not knowingly apply for or accept future employment with the Employers; and that in the event he does apply for such employment with the Employers, the Employers may reject his application legitimately and lawfully solely because he breached this promise and/or may thereafter terminate his employment, which termination shall be considered a legitimate business reason that is neither retaliatory nor discriminatory. Plaintiff further agrees that if the Employers employ him without obtaining a written waiver of this provision from an officer of the Employers, he will resign his employment with the Employers when asked to do so in writing by an officer of the Employers. Plaintiff also agrees not to visit any known restaurant space or office occupied by Employers.

16. **Non-Incitement.** Plaintiff also agrees not to incite or encourage any person, including, but not limited to, other current or former employees or contractors of the Employers, to assert any complaint or claim in federal or state court against the Employers.

17. **Fees/Costs.** The Parties agree that each party shall be responsible for his/her/its own costs and attorneys' fees in connection with this Agreement except as set forth in this Agreement. Moreover, Defendants, CDJ of 152nd Street Miami LLC, Yihua Wang, and Jonathan Papagno, agree that Plaintiff prevailed in this lawsuit and is entitled to recover his reasonable attorneys' fees and costs in an amount to be determined by the Court. The Parties reserve any and all rights to enforce the terms of this Agreement. If any lawsuit is brought to enforce or interpret the terms of this Agreement, or to address any breach of this Agreement, then the prevailing party in such action or proceeding shall be entitled to recover taxable costs and all attorneys' fees reasonably incurred, including at all trial and appellate levels, in addition to any other relief to which such prevailing party may be entitled.

18. **Jurisdiction/Venue.** The Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, substantive, procedural, and remedial, notwithstanding any conflict of laws analysis to the contrary. If the District Court chooses not to retain jurisdiction, this Agreement shall be enforceable in the appropriate court in Miami-Dade County, Florida.

19. **No Representations.** No party has relied upon any representations or statements made by any other party hereto which are not specifically contained in this Agreement.

20. **No Admission.** This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment or of wrongdoing of any kind by the Employers.

21. **Authorization And Understanding.** Each of the Parties warrants to each other that each has full power, authority, and capacity to execute this Agreement. The Parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiff warrants and represents that he is the owner of the claims asserted in the operative Complaint and the Lawsuit and has not transferred or assigned them, except as represented in this Agreement. In addition to having the opportunity to negotiate this Agreement, before signing it, the Parties have been advised to consult with, and have in fact consulted with, their respective attorneys to obtain advice about their rights and obligations under this Agreement. The Parties have been given a reasonable period of time to consider whether to accept this Agreement, and signed it only after reading, considering and understanding it. If Plaintiff signs this Agreement before the expiration of the reasonable period of time, he is expressly waiving his right to consider the Agreement for any remaining portion of that reasonable period. This provision applies equally to the Employers.

22. **Amendment and Severability.** This Agreement may only be amended in writing signed by Plaintiff, Yihua Wang, Jonathan Papagno, and an authorized representative of CDJ of 152nd Street Miami LLC. If one or more terms or provisions of this Agreement are found invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

23. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made after the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

24. **Enforcement**. If any action is commenced to enforce said settlement agreement or for a proven breach of this Agreement, the prevailing party shall be entitled to recover his/its reasonable attorneys' fees and taxable costs.

25. **Binding Nature.** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and

Doc ID:

shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

26. **Counterparts**:  This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable. A copy or .pdf version of this Agreement shall have the same force and effect as an original.

27. **Construction**.     Plaintiff and Employers have jointly participated in the negotiation of this Agreement and this Agreement is the product of joint draftsmanship by the Parties.  In the event of an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if it was drafted jointly by the Parties and no presumptions or burdens of proof shall arise favoring any party by virtue of authorship of this Agreement.

28. **Headings**. The Parties agree that the headings used in this Agreement are for convenience and reference only and in no way define, describe, extend, or limit the scope or intent of this Agreement or the intent of any provision in it.

29. **Cooperation**. The Parties agree to cooperate fully in the execution of any documents or performance in any way that may be reasonably necessary to carry out the purposes of this Agreement and to effectuate the intent of the Parties hereto.

**PLAINTIFF FURTHER STATES AND AGREES THAT PLAINTIFF CARFEFULLY READ THIS AGREEMENT; THAT IT HAS BEEN FULLY EXPLAINED AND UNDERSTOOD; THAT PLAINTIFF FULLY UNDERSTANDS ITS FINAL AND BINDING EFFECT; THAT THE ONLY PROMISES MADE TO PLAINTIFF TO SIGN THIS AGREEMENT ARE THOSE STATED IN THIS AGREEMENT; THAT PLAINTIFF HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THE AGREEMENT; AND THAT PLAINTIFF IS SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING THE EMPLOYERS OF AND FROM ANY AND ALL CLAIMS.**

**PLAINTIFF IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. HE ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

**PLAINTIFF MAY REVOKE THIS AGREEMENT AND GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HESIGNS THIS CONFIDENTIAL SETTLEMENT AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO BRIAN H. POLLOCK, ESQ., AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO BRIAN H. POLLOCK, ESQ. OR HIS DESIGNEE, OR MAILED TO 135 LORENZO AVENUE, SUITE 135, CORAL GABLES, FL 33146 AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF SIGNS THIS AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

  I have read the foregoing Settlement Agreement, and I accept and agree to the provisions contained herein.

**Jonathan Conde Blackburn**

BY: _Jonathan Blackburn (Jul 10, 2023 15:05 EDT)_
  Jonathan Conde Blackburn

Dated: Jul 10, 2023

**CDJ of 152nd Street Miami LLC**

BY: _____
  As its Authorized Agent
Printed Name: Yihua Wang

Dated: 07 / 10 / 2023

**Yihua Wang**

BY: _____
 Yihua Wang

Dated: 07 / 10 / 2023

**Jonathan Papagno**

BY: _Jonathan Papagno_
 **Jonathan Papagno**

Dated: 07 / 10 / 2023

# Settlement Agreement (Conde v. Crab Du Jour)

Final Audit Report  2023-07-10

| | |
|---|---|
| Created: | 2023-07-09 |
| By: | USA Employment Lawyers (jordan@jordanrichardspllc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAARbZdgKbK1eQ6PV0yHx_PRg_qO6rJGx0L |

## "Settlement Agreement (Conde v. Crab Du Jour)" History

- Document created by USA Employment Lawyers (jordan@jordanrichardspllc.com)
  2023-07-09 - 11:47:25 PM GMT- IP address: 45.17.59.133

- Document emailed to jonathanblackburn24@hotmail.com for signature
  2023-07-09 - 11:47:55 PM GMT

- Email viewed by jonathanblackburn24@hotmail.com
  2023-07-10 - 4:52:44 PM GMT- IP address: 104.28.57.243

- Signer jonathanblackburn24@hotmail.com entered name at signing as Jonathan Blackburn
  2023-07-10 - 7:05:24 PM GMT- IP address: 66.176.206.166

- Document e-signed by Jonathan Blackburn (jonathanblackburn24@hotmail.com)
  Signature Date: 2023-07-10 - 7:05:26 PM GMT - Time Source: server- IP address: 66.176.206.166

- Agreement completed.
  2023-07-10 - 7:05:26 PM GMT

**Dropbox Sign**                                                                 Audit trail

| | |
|---|---|
| Title | Settlement Agreement (Conde v. Crab Du Jour) - signed by... |
| File name | Settlement Agreem...nde Blackburn.pdf |
| Document ID | 4f41d8b040f6eab77daed0bc16a01b7d99c8ab8a |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Pending signature |

## Document History

**SENT**  
**07 / 10 / 2023**  
19:33:38 UTC  
Sent for signature to Yihua Wang (little.julie.w@gmail.com) and Jonathan Papagno (cdg152miami@gmail.com) from lowell@kuvinlaw.com  
IP: 73.0.90.230

**VIEWED**  
**07 / 10 / 2023**  
19:33:53 UTC  
Viewed by Yihua Wang (little.julie.w@gmail.com)  
IP: 73.138.89.98

**SIGNED**  
**07 / 10 / 2023**  
19:35:20 UTC  
Signed by Yihua Wang (little.julie.w@gmail.com)  
IP: 73.138.89.98

**INCOMPLETE**  
**07 / 10 / 2023**  
19:35:20 UTC  
This document has not been fully executed by all signers.

Powered by **Dropbox Sign**

Doc ID: c6bac602c1b2d05c07cad01b62465b4aafb7c15c

**Dropbox Sign**                                                                                          Audit trail

| | |
|---|---|
| Title | Settlement Agreement (Conde v. Crab Du Jour) - signed by... |
| File name | Settlement Agreem...urn(canceled).pdf |
| Document ID | c6bac602c1b2d05c07cad01b62465b4aafb7c15c |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**SENT**  
**07 / 10 / 2023**  
19:40:26 UTC  
Sent for signature to Jonathan Papagno (cdj152miami@gmail.com) from lowell@kuvinlaw.com  
IP: 73.0.90.230

**VIEWED**  
**07 / 10 / 2023**  
19:40:55 UTC  
Viewed by Jonathan Papagno (cdj152miami@gmail.com)  
IP: 107.115.227.63

**SIGNED**  
**07 / 10 / 2023**  
20:53:09 UTC  
Signed by Jonathan Papagno (cdj152miami@gmail.com)  
IP: 107.115.227.63

**COMPLETED**  
**07 / 10 / 2023**  
20:53:09 UTC  
The document has been completed.

Powered by **Dropbox Sign**