**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  23-21065-CIV-ALTONAGA/Damian**

**JONATHAN CONDE**,

      Plaintiff,

v.

**CDJ OF 152ND ST MIAMI LLC**, *et al.*,

      Defendants.

_____/

**ORDER DISMISSING CASE WITH PREJUDICE**

**THIS CAUSE** came before the Court upon the Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice [ECF No. 53], filed on July 10, 2023.  The parties have settled this case, involving claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and jointly represent that Plaintiff will be paid an amount "that does not sacrifice any portion of his alleged unpaid wages or liquidated damages" (Mot. 3).  While settlement of FLSA claims typically requires court approval, *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), where a plaintiff is offered full compensation on his or her FLSA claim, no compromise is involved, and judicial approval is not required.  *See Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).  Accordingly, it is

      **ORDERED AND ADJUDGED** as follows:

      1.      The parties' Motion **[ECF No. 53]** is **GRANTED**.

CASE NO. 23-21065-CIV-ALTONAGA/Damian

2.      The Settlement Agreement [ECF No. 53-1] between Plaintiff, Jonathan Conde, and

Defendants, CDJ of 152nd St Miami LLC, Yihua Weng, and Jonathan Papagno,

which has been duly filed as a record of the Court, is **APPROVED** in its entirety.[1]

3.      This case is **DISMISSED with prejudice**, and all pending motions are **DENIED**

**as moot**.

4.      The Court retains jurisdiction to enforce the terms of the Settlement Agreement

and to adjudicate the amount of attorney's fees and costs Plaintiff's counsel is

entitled to recover.

**DONE AND ORDERED** in Miami, Florida, this 12th day of July, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

[1] The Agreement is labeled "Confidential" and contains a confidentiality provision. (*See* Agreement 1, 5). When the Court must approve a settlement, the agreement becomes a part of the judicial record and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Accordingly, parties may not submit a settlement agreement under seal or seek to have it reviewed in camera unless there is a compelling interest in secrecy. *See id.* at 928. While the Agreement seems to indicate the parties seek to maintain the Agreement's confidentiality, the parties did not file the Agreement under seal, so it appears on the public docket.