UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:23-cv-21065-CMA

JONATHAN CONDE, individually
and on behalf of all others similarly situated

    Plaintiff,

vs.

CDJ OF 152ND ST. MIAMI LLC,
d/b/a CRAB DE JOUR, et al.

    Defendant.
_____/

**DEFENDANT, CDJ OF 152ND ST. MIAMI LLC UNOPPOSED MOTION FOR ENLARGEMENT OF TIME *NUNC PRO TUNC* TO SERVE LINE-BY-LINE OBJECTIONS TO PLAINTIFF'S BILLING RECORDS**

Defendant, CDJ of 152nd St. Miami, LLC ("Defendant"), by and through undersigned counsel, hereby files its Motion for Enlargement of Time *Nunc Pro Tunc* to Serve Line-By-Line Objections to Plaintiff's Billing Records ("Motion"), pursuant to Fed.R.Civ.P. 6(b)(1)(B), and as grounds therefor, states:

**OVERVIEW**

However, undersigned counsel respectfully submits that this type of error is precisely the type of "excusable neglect" contemplated by Fed.R.Civ.P 6(b)(1)(B).

**RELEVANT PROCEDURAL HISTORY**

1. On June 14, 2023 the Court granted the Parties Motion for Approval of the Settlement and dismissed the case with prejudice and reserved jurisdiction to decide the issue of attorney's fees and costs. [DE 54].

2. On August 7, 2023, Plaintiff served via email their Motion for Fees and the accompanying documents.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

3. Defendant had 14 days to serve its "line-byline" objections. See L.R. (a)(8).

4. However, the event was miscalendared to be due on September 21, 2023, instead of August 21, 2023.

5. Defendant's counsel was not aware the event was miscalendared.

6. On August 23, 2023, Defendant sent an email to Plaintiff seeking to discuss the fee motion and to perhaps settle the issue without further court intervention. Plaintiff's counsel informed the Defendant that the "line-by-line" objections were past due.

7. Counsel Lowell J. Kuvin was responsible for lodging the line-by-line objections to the Plaintiff's Motion for Fees. However, Mr. Kuvin was out of the office for several days (August 14-17) due to a sudden family emergency.

8. This Motion is Defendant's first request for an extension of time in this action.

9. Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that he consulted with opposing counsel who does not oppose the relief sought herein.

10. This Motion is submitted in good faith and not for the purpose of delay.

11. The granting of the instant Motion will not cause prejudice to any party, but denying the Motion will cause prejudice to the Defendant.

## ARGUMENT AND MEMORANDUM OF LAW

The Court may extend the time to perform any act which is required by a specified time after the time has expired. Fed.R.Civ.P. 6(b)(1)(B). To do so, the Court must find the movant failed to act because of "excusable neglect." *Id*. "'[E]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to neglect." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 394 (1993).

2

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

To find excusable neglect, the Court "is instructed to consider the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and the potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith." *Rance v. Rock Solid Granit USA, Inc.*, WL 906643, at *1 (S.D. Fla. February 9, 2011). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)), citing *Pioneer Investments*. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Peeler v. KVH Industries, Inc.*, 13 F. Supp. 3d 1241, 1261 (M.D. Fla. 2014), citing to *Pioneer Investments,* at 392. "An attorney's error of law is not a sufficient basis to excuse failure to comply with a deadline, but an error of fact may be excusable." *Santillana v. Florida State Court System*, WL 1532337, at *1 (M.D. Fla. April 16, 2010), citing to *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998-99 (11th Cir. 1997).

Specifically in the context of discovery demands, courts have found it proper to preserve a party's right to assert untimely objections where the delay is slight, there is no prejudice to the other party and there is no pattern of misconduct. *See Burlington Ins. Co. v. Okie Dokie, Inc.,* 368 F.Supp.2d 83, 91 (D.D.C. 2005)(allowing plaintiff to object to discovery demands nine days after deadline where delay would not prejudice defendant and there was no pattern of misconduct); *Blumenthal v. Drudge,* 186 F.R.D. 236, 240 (D.D.C. 1999) (plaintiff did not waive his right to

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

object to discovery requests where five or nine day delay did not prejudice defendant and there was no pattern of misconduct).

### No Prejudice to Defendants

"In *Pioneer*, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Cheney*, at 850, citing to *Pioneer Investments*. Granting the instant Motion will not prejudice Plaintiff as the case has been closed and the only issue remaining is the issue of fees and costs. On the contrary, denying the Motion will necessarily prejudice Defendant who will be precluded from asserting its defenses to the Fee Motion.

### No Potential Impact on Proceedings

Granting the instant Motion will have no potential impact on these proceedings. *See Rance*, at *1 (delay of "merely one month" is a "relatively short delay" with "no potential impact" on the proceedings); *Santillana*, at *2 (22 days "neglectful" but not bad faith); *BP Products North America, Inc. v. Super Stop No. 701, Inc.*, WL2852780, at *2 (S.D. Fla. September 1, 2009) (court found 21-day delay after calendaring error by counsel "quite short"). As, there will be no delay at all if the instant Motion is granted.

### Reason for Delay

Undersigned counsel respectfully submits that this type of law office error is precisely the type of "excusable neglect" contemplated by Fed.R.Civ.P 6(b)(1)(B).

### Movant Acted in Good Faith

Defendant's failure to timely request an extension of time to make its line-by-line objections was completely unintentional and was not the result of any bad faith. *See Rance*, at *1 ("completely unintentional" failure to file was sufficient to fulfill the good faith requirement).

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Defendant did not deliberately disregard the Federal Rules; did not intend to delay the proceedings and did not seek an advantage by not seeking the requested extension. *See Cheney*, at 850. The reason for the delay was the event was miscalendared as set forth above.

**WHEREFORE**, Defendant respectfully requests that the Court grant the instant Motion in its entirety, enlarge Defendant's time to serve its line-by-line objections *nunc pro tunc* to August 25, 2023, and grant Defendant such other and further relief as this Court deems just and proper. Respectfully submitted August 23, 2023.

> By: s/Lowell J. Kuvin
> Lowell J. Kuvin, Esq.
> Florida Bar No. 53072
> lowell@kuvin.law
> legal@kuvin.law
> *Law Office of Lowell J. Kuvin*
> 17 East Flagler Street, Suite 223
> Miami, Florida 33131
> Tel.: 305.358.6800
> *Attorney for Defendants*

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1**

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. Counsel for the Plaintiff does not oppose the relief Defendant is seeking.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 23, 2023, I electronically filed the foregoing document via CM/ECF which will automatically send a copy of the foregoing to all registered counsel in this action.

> By:    /s/ Lowell J. Kuvin
> Lowell J. Kuvin, Esq

5

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808