UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:23-cv-21065-CMA

JONATHAN CONDE BLACKBURN,

    Plaintiff,

v.

CDJ OF 152ND ST MIAMI, LLC d/b/a
CRAB DU JOUR, YIHUA WENG,
Individually, and JONATHAN
PAPAGNO, individually,

    Defendants.
_____/

**JOINT MOTION FOR FINAL APPROVAL OF PAYMENT OF ATTORNEY'S FEES AND COSTS TO PLAINTIFF'S COUNSEL**

Plaintiff, JONATHAN CONDE BLACKBURN ("Plaintiff"), by and through undersigned counsel, and pursuant to 29 U.S.C. § 216(b), S.D. Fla. L.R. 7.3, and D.E. 54, files his Joint Motion for Approval of Payment of Attorney's Fees and Costs to Plaintiff's Counsel, as follows:

**I.    INTRODUCTION**

This Honorable Court has determined that Plaintiff's acceptance of a Rule 68 Offer of Judgment and resolution of his wage and hour claims is fair and reasonable pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2s at 1352 (11th Cir. 1982).  *See* D.E. 54.  Under the terms of the settlement agreement, Plaintiff was deemed the prevailing party and his counsel was entitled to seek adjudication of attorney's fees before Your Honor.  *See* D.E. 53-1; D.E. 54.  Defendants and Plaintiff's counsel have since been able to resolve the outstanding issue of an award of attorney's fees and costs and the Parties now submit the Agreement on Payment of Attorney's Fees and Costs to Plaintiff's Counsel ("Agreement") for final Court approval.  *See* Agreement attached as **Exhibit A**.

**II.    MEMORANDUM OF LAW**

    a. **Plaintiff is Entitled to Recover Reasonable Attorney's Fees and Costs as a Prevailing Party in this Lawsuit**

The Fair Labor Standards Act ("FLSA") explicitly provides that the Court "shall, in

addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." *29 U.S.C. 216(b)*. Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See, e.g., Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases"). Southern District of Florida Courts have previously recognized that "given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *See, e.g., James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) (Dimitrouleas, J.) *citing Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 WL 1208573 at *9 (S.D. Fla. 2005); *see, also, Guillaume v. NY Bagel Boy, Inc.*, 2015 WL 13776788 at *1 (S.D. Fla. 2015) *citing Powell v. Carey Intern., Inc.*, 547 F.Supp.2d 1281, 1286 (S.D. Fla. 2008); *see, also, Davis v. Locke*, 936 F.2d 1208, 1215 (11th Cir. 1991). "The language of the statute contemplates that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs." *See, e.g., Zelaya v. Cargo Logistics Group USA LLC*, 2017 WL 283259 at *3 (S.D. Fla. 2017).

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate. *See, e.g., Toledo v. Vioss Vision, Inc.*, 2019 WL 5689246 at *2 (S.D. Fla. 2019) *citing Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). This amount is typically referred to as the "lodestar." *Id. citing Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008). The resulting fee carries a presumption that it is reasonable. *Id. citing* <u>Blum v. Stenson</u>, 465 U.S. 886, 897 (1984). The burden of establishing the number of hours reasonably expended, lies with the Plaintiff, and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. Similarly, the Plaintiff has the burden of establishing that the hourly rates requested are reasonable. *See, e.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). Once calculated, the lodestar may then be adjusted upward or downward based upon the other considerations made by the Court. <u>Hensley</u>, 461 U.S. at 433-47.

Here, the Parties stipulate that Plaintiff is the prevailing party in this action. D.E. 53-1. The terms of the settlement agreement previously approved by this Court indicate that Plaintiff received a total of $12,500.00. *Id.;* D.E. 54. Plaintiff's counsel Mr. Richards and Mr. O'Beidy each billed at a reasonable hourly rate of $395.00 per hour and collectively expended a total of more than 87

hours of billable time on this case and incurred costs in the amount of $982.20.

### b. **The Parties Have Resolved the Issue of Attorney's Fees and Costs Through the Conferral Process Set Forth within S.D. Fla. L.R. 7.3**

Through the pre-filing conferral process set forth under S.D. Fla. L.R. 7.3, the Parties have negotiated and fully resolved the outstanding issue of attorney's fees and costs so that Plaintiff's counsel will receive the total sum of $18,500.00. **Exhibit A**. This amount was negotiated through counsel and represents a significant reduction of the time actually incurred. This payment shall be submitted to Plaintiff's counsel in five (5) installments – one payment of $7,500.00 seven (7) calendar days after court approval, and four equal installments of $2,750.00 on the 15th of each calendar month thereafter. This amount constitutes a voluntary reduction of nearly 40% made by Plaintiff's counsel in an effort to resolve these issues. The Parties have agreed to request that the Court retain jurisdiction over enforcement of this agreement through the end of January 2024.

Because these attorney's fees were negotiated separately and independently from the fair and reasonable recovery obtained for the Plaintiff, the Court should, most respectfully, find that the final settlement as to the issue of attorney's fees is also fair and reasonable. *See, e.g., Hartley v. Home Depot USA Inc.,* 2019 WL 4248077 (M.D. Fla. 2019) (Attorney's fees and costs approved in FLSA case where they negotiated separately and independently from the amounts recovered for plaintiff) *report and recommendation fully adopted* 2019 WL 4246709 (M.D. Fla. 2019); *see, also, Lovett v. K&S Janitorial Services, Inc.*, M.D. Fla. Case No. 8:20-cv-01511-VMC-CPT (M.D. Fla. Aug. 11, 2020) (Attorney's fees and costs reasonable in FLSA settlement where counsel charged reasonable market rates, obtained a significantly better result for his client than previously offered, and voluntarily reduced the attorney's fees in an effort to resolve the matter).

### III.   CONCLUSION

WHEREFORE, Plaintiff, JONATHAN CONDE BLACKBURN, respectfully requests that this Court grant the instant motion and approve the negotiated award of attorney's fees and costs to Plaintiff's counsel and retain jurisdiction to enforce the terms of the agreement.

### CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), prior to the filing of the instant motion, the undersigned counsel conferred with Defendants regarding the relief sought within this Motion and the Parties jointly seek the relief sought herein.

**Dated this 11th day of September 2023.**

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS - JORDAN RICHARDS, PLLC** | **OBEIDY & ASSOCIATES, P.A.** |
| 1800 SE 10th Ave, Suite 205 | 2755 E. Oakland Park Blvd. Suite 225 |
| Fort Lauderdale, Florida 33316 | Fort Lauderdale, Florida 33306 |
| Ph: (954) 871-0050 | Ph: (305) 892-5454 |
| | Fax: (954) 206-6955 |
| *Co-Counsel for Plaintiff* | *Co-Counsel for Plaintiff* |
| By: /s/ Jordan Richards | By: /s/ Andrew Obeidy |
| JORDAN RICHARDS, ESQUIRE | ANDREW OBEIDY, ESQUIRE |
| Florida Bar No. 108372 | Florida Bar No. 910341 |
| jordan@jordanrichardspllc.com | andrew@obdlegal.com |

**LAW OFFICE OF LOWELL J. KUVIN, LLC**
17 East Flagler Street, Suite 223
Miami, Florida 33131
Ph: (305) 358-6800
*Co-Counsel for Defendants*

By: /s/ Lowell J. Kuvin, Esq.
LOWELL J. KUVIN, ESQUIRE
Florida Bar No. 53072
lowell@kuvin.law

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 11th of September 2023.

By: /s/ Jordan Richards
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST

**LOWELL J. KUVIN, ESQ.**
Florida bar No. 53072
LAW OFFICE OF LOWELL J. KUVIN, LLC
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel: (305) 358-6800
*Co-counsel for Defendants*

4

**BRIAN H. POLLOCK, ESQUIRE**
Florida Bar No. 174742
FAIRLAW FIRM
135 San Lorenzo Ave.
Suite 770
Coral Gables, Florida 33146
Tel: (305) 230-4884
*Co-counsel for Defendants*